J-S24008-16

2016 PA Super 113

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
 : PENNSYLVANIA
 v. :
 :
ERIC CHRISTOPHER HILL, :
 :
 Appellant : No. 1416 MDA 2015

Appeal from the Judgment of Sentence July 13, 2015
in the Court of Common Pleas of Berks County,
Criminal Division, No(s): CP-06-CR-0003491-2014

BEFORE: GANTMAN, P.J., BOWES and MUSMANNO, JJ.

OPINION BY MUSMANNO, J.: **FILED MAY 31, 2016**

Eric Christopher Hill ("Hill") appeals from the judgment of sentence entered following his conviction of one count each of theft by unlawful taking or disposition, deceptive or fraudulent business practices, and home improvement fraud.[1] We vacate Hill's judgment of sentence and remand for resentencing.

The trial court summarized the relevant factual history of this appeal as follows:

> In the spring of 2014, Carmen and Alexis Rodriguez decided to renovate the basement of their home. Notes of Testimony ("N.T."), July 13, 2015[,] at 9, 53. The couple had saved money and intended to finish the basement and to add a bathroom, both with the aim of improving the home's value. *Id.* They contacted some contractors, and several came to the home to provide estimates. *Id.*
>
> In mid-April, a flyer advertising [Hill's] home improvement business was left on the couple's doorstep. *Id.* at 9. Carmen called the advertised phone number on April 18, 2015[,] and

_____

[1] *See* 18 Pa.C.S.A. §§ 3921(a), 4107(a)(2); 73 P.S. § 517.8(a)(2).

spoke with [Hill] about arranging an estimate. *Id.* at 10. [Hill] came to the house later that afternoon, and Carmen informed [Hill] that their budget necessitated a cost-effective finish. *Id.* at 12. [Hill] spent approximately thirty minutes in the basement. *Id.* at 12, 55.

Following the purported assessment, [Hill] provided an estimate of $7,900 to finish the basement and to add a bathroom. *Id.* at 13, 55. Carmen and Alexis accepted the offer and asked [Hill] when he could start; he suggested midway through the next week in order to pull permits. *Id.* [Hill] required half the payment, $3,950.00, in advance. They arranged for [Hill] to pick up the payment the next afternoon, which he did. *Id.* at 14. That day, [Hill] provided a more extensive and detailed contract. *Id.* at 15. [Hill] subsequently returned to his vehicle, and Carmen overheard its driver say, "Did you get it?" *Id.*

On the subsequent Wednesday morning, [Hill] arrived promptly at 8 a.m. *Id.* at 16. There was some confusion as to which flooring Carmen wanted installed, so they put off work until the next day. *Id.* at 16-17, 55-56. On Thursday morning, [Hill] arrived at 8 a.m. in a gray, older van without any company insignia. *Id.* at 18. [Hill] went into the basement with two other men, equipped with tools. *Id.* Carmen heard the men chipping the cement of the basement, which was an expected part of the work to be done. *Id.* at 18-19. Carmen then left for work, and [Hill] remained at the home unsupervised. *Id.* at 19.

Later that day, [Hill] texted Carmen that he was having difficulty with regards to permits. *Id.* at 21. This made Carmen suspicious, so she contacted the appropriate government office; she learned that no one had pulled the permits for her property. *Id.* This was later confirmed by Officer James Burkhart. *Id.* at 71-72. Carmen called Alexis around 3:00 p.m., and he reported that the men had done practically no work. *Id.* at 22. Specifically, some cement had been chipped from certain areas of the floor. *Id.* at 49. Alexis also discovered that the contract, which had been on a table upstairs, was now missing. *Id.* at 49, 56-57. Carmen and Alexis repeatedly attempted to contact [Hill] because they were now extremely suspicious and concerned. [Hill] ignored several messages and calls throughout the day, though he eventually responded to a budget-related question from Carmen. *Id.* at 23-24. [Hill] continued to ignore calls from Carmen and Alexis throughout the following week. *Id.* at 24-

26,58. [Hill] eventually answered a call, and Carmen requested a refund of their deposit. *Id.* [Hill] stated that he would "make this request to the main office in Allentown," and that they would receive a check in the mail in five to seven business days. *Id.* at 26, 59. After five days, Carmen tried to call [Hill], and his phone had been disconnected. *Id.* at 27. [Hill] never returned any of the deposit. *Id.*

Trial Court Opinion, 10/19/15, at 1-3.

Hill was subsequently arrested and charged with the above-referenced offenses. On July 13, 2015, following a jury trial, Hill was convicted of all charges. On that same day, the trial court sentenced Hill to consecutive prison terms of one to five years on each of his convictions, for an aggregate prison sentence of three to fifteen years. On July 22, 2015, Hill filed a post-sentence Motion, which the trial court denied. Thereafter, Hill filed a timely Notice of Appeal and a court–ordered Pa.R.A.P. 1925(b) Concise Statement of Errors Complained of on Appeal.

On appeal, Hill raises the following issues for our review:

A. Whether the trial court erred in finding that the three charges did not merge for sentencing purposes[,] since the charges arose from a single act and all of the elements of theft by unlawful taking [or disposition] must be met in order to convict [Hill] of deceptive or fraudulent business practices and home improvement fraud[?]

B. Whether the trial court erred in finding that the charge of home improvement fraud did not merge with deceptive or fraudulent business practices[,] since the charges arose from a single act and all of the elements of deceptive or fraudulent business practices must be met in order to convict [Hill] of home improvement fraud[?]

Brief for Appellant at 6 (some capitalization omitted).

- 3 -

A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence; therefore, our standard of review is *de novo* and our scope of review is plenary. ***See Commonwealth v. Quintua***, 56 A.3d 399, 400 (Pa. Super. 2012).

Our legislature has defined the circumstances under which convictions for separate crimes may merge for the purpose of sentencing.

> **Merger of sentences.** No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.

> To determine whether offenses are greater and lesser included offenses, we compare the elements of the offenses. If the elements of the lesser offense are all included within the elements of the greater offense and the greater offense has at least one additional element, which is different, then the sentences merge. If both crimes require proof of at least one element that the other does not, then the sentences do not merge.

***Commonwealth v. Nero***, 58 A.3d 802, 806 (Pa. Super. 2012) (internal citations omitted).

As Hill's claims are related, we will address them together. In his first issue, Hill contends that the trial court erred by determining that the charges did not merge because the *mens rea* requirement for each of the charges is different. Brief for Appellant at 14. Hill asserts that, while the intent to deprive is not expressly stated as an element of deceptive or fraudulent

business practices or home improvement fraud, these offenses cannot be committed without that intent. *Id*. Hill claims that, because these offenses require an intent to deprive the owner of the money they paid for services, all of the elements of theft by unlawful taking are included in the elements of deceptive or fraudulent business practices and home improvement fraud. *Id*. Utilizing this reasoning, Hill argues that the charges should have merged for sentencing purposes. *Id*.

In his second claim, Hill points out that the trial court acknowledged that it erred in finding that the charges of deceptive or fraudulent business practices and home improvement fraud did not merge for sentencing purposes. *Id*. at 15. Hill contends that the charge of deceptive or fraudulent business practices requires the delivery of "less than the represented quantity or service." *Id*. (citing 18 Pa.C.S.A. § 4107(a)(2)). Hill further contends that, as applied to him, the charge of home improvement fraud requires a person to receive "any advance payment for performing home improvement services … and fail[ing] to perform … such services." Brief for Appellant at 15 (citing 73 P.S. § 517.8(a)(2)). Hill asserts that, based on these provisions, both statutes require the failure to perform a service to which the parties had previously agreed. Brief for Appellant at 15. While Hill acknowledges that the wording of the statutes is not identical, he nevertheless claims that both require the same conduct, although home improvement fraud has an additional requirement that the

service to be performed is related to home improvement. *Id*. On this basis, Hill argues that the two charges should have merged at sentencing because all of the elements of deceptive or fraudulent business practices must be met in order to convict a defendant of home improvement fraud. *Id*.

It is undisputed that Hill's crimes arose from the same criminal act. Thus, the only question is whether the elements of one or more offenses are subsumed within the elements of the other offenses. The three crimes for which Hill was convicted are defined as follows:

> **Theft by unlawful taking or disposition.**
>
> **(a) Movable property.**
> A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.

18 Pa.C.S.A. § 3921(a).[2]

> **Deceptive or fraudulent business practices**
>
> **(a) Offense defined.**
> A person commits an offense if, in the course of business, the person:
>
> ***
>
>> (2) Sells, offers or exposes for sale, or delivers less than the represented quantity of any commodity or service;

---

[2] "Movable property" is defined as "[p]roperty[,] the location of which can be changed, including things growing on, affixed to, or found in land, and documents although the rights represented thereby have no physical location." 18 Pa.C.S.A. § 3901.

18 Pa.C.S.A. § 4107(a)(2). Fraud, which includes a wrongful intent to deceive, is an element of the crime of deceptive business practices. *Commonwealth v. Eline*, 940 A.2d 421, 433 (Pa. Super. 2007).

**Home improvement fraud.**

**(a) OFFENSE DEFINED.**
A person commits the offense of home improvement fraud if, with intent to defraud or injure anyone or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:

\*\*\*

(2) receives any advance payment for performing home improvement services or providing home improvement materials and fails to perform or provide such services or materials when specified in the contract taking into account any force majeure or unforeseen labor strike that would extend the time frame or unless extended by agreement with the owner and fails to return the payment received for such services or materials which were not provided by that date;

73 P.S. § 517.8(a)(2).

Here, the trial court determined that, although the charges against Hill arose out of a single act, not all the statutory elements of theft by unlawful taking or disposition coincided with those of deceptive business practices and home improvement fraud. *See* Trial Court Opinion, 10/19/15, at 4-6. We agree with the trial court's determination that the theft violation did not merge with the other two violations for sentencing purposes. The theft violation requires proof of an element that the other violations do not: namely, that the defendant exercised unlawful control over moveable

property. *See* 18 Pa.C.S.A. § 3921(a). Additionally, the crimes of deceptive business practices and home improvement fraud require proof of additional elements that the theft violation does not require (*i.e.*, course of business, failure to perform services or provide materials, *etc.*). Thus, merger was not appropriate. *See Nero*, 58 A.3d at 806 (providing that if both crimes require proof of at least one element that the other does not, then the sentences do not merge). Therefore, we affirm the trial court's determination that Hill's sentence for theft by unlawful taking or disposition was not appropriate for merger with his other convictions. *See* Trial Court Opinion, 10/19/15, at 4-6.

As to Hill's claim that the statutory elements of deceptive or fraudulent business practices coincided with those of home improvement fraud, the trial court stated in its Opinion, without explanation, that these violations should have merged for sentencing purposes, and that it had erred by failing to merge them when sentencing Hill. *See* Trial Court Opinion, 10/19/15, at 6.

Proof of deceptive or fraudulent business practices requires that a defendant (1) with a wrongful intent to deceive; (2) "in the course of business;" (3) "sells, offers or exposes for sale, or delivers less than the represented quantity of any commodity or service." 18 Pa.C.S.A. § 4107(a)(2); *see also Eline*, 940 A.2d at 433. Proof of home improvement fraud requires that a defendant (1) "with intent to defraud or injure anyone or with knowledge that he is facilitating a fraud or injury to be

- 8 -

perpetrated by anyone;" (2) when "performing home improvement services or providing home improvement materials;" (3) "fails to perform or provide such services or materials;" (4) "receives any advance payment;" and (5) "fails to return the payment received for such services or materials which were not provided." **See** 73 P.S. § 517.8(a)(2).

Comparing the elements of these two offenses, we conclude that all three elements of deceptive or fraudulent business practices are all included within the first three elements of home improvement fraud, and home improvement fraud has at least one additional element. **See Nero**, 58 A.3d at 806; **see also Commonwealth v. Goins**, 867 A.2d 526, 530 (Pa. Super. 2004) (holding that a higher degree of culpability for one offense does not necessarily mean it requires proof of a fact which the other offense does not). Therefore, Hill's convictions for these crimes should have merged for sentencing purposes. **See Nero**, 58 A.3d at 806. Because vacating Hill's sentence for deceptive or fraudulent business practices may disrupt the trial court's overall sentencing scheme, we vacate his judgment of sentence and remand for resentencing. **See Commonwealth v. Barton-Martin**, 5 A.3d 363, 370 (Pa. Super. 2010) (providing that where vacating a sentence disrupts a trial court's overall sentencing scheme, this Court will remand to the trial court for resentencing).

Judgment of sentence vacated. Case remanded for resentencing consistent with this Opinion. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>5/31/2016</u>