J-A08023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN MICHAEL PERZEL, | |
| Appellant | No. 1382 MDA 2014 |

Appeal from the PCRA Order July 16, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002589-2010

BEFORE:  SHOGAN, WECHT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 05, 2017**

This case is before us on remand from the Pennsylvania Supreme Court.  On August 31, 2011, Appellant, John Michael Perzel, pled guilty to four counts of criminal conspiracy,[1] two counts of restricted activities,[2] and two counts of theft by failure to make required disposition of funds.[3, 4]  On

---

[*]  Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 903.

[2] 65 Pa.C.S. § 1103(a).

[3] 18 Pa.C.S. § 3927(a).

[4] We note that there is some discrepancy between the parties' briefs, the trial court opinion, this Court's earlier Memorandum, and the certified record.  In the briefs, the trial court opinion, and our earlier Memorandum, it was stated that Appellant pled guilty at **six** counts: two counts each of conspiracy, restricted activities, and theft.  However, the record makes clear that Appellant pled guilty at **eight** separate counts: 1, 10, 54, 55, 68, 69,

March 21, 2012, the trial court sentenced Appellant to an aggregate term of thirty to sixty months of incarceration, sixty months of probation, $30,000 in fines, and $1,000,000 in restitution to the Commonwealth of Pennsylvania. Appellant did not file a direct appeal.

On March 21, 2013, Appellant filed a timely petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. The PCRA court appointed counsel, and counsel filed an amended PCRA petition. On July 16, 2014, the PCRA court denied Appellant's amended petition, and Appellant appealed to this Court.

On appeal, Appellant averred that the trial court imposed an illegal sentence of restitution to the Commonwealth because the Commonwealth cannot be a victim for purposes of restitution. He also claimed that trial counsel was ineffective for failing to raise this issue at sentencing.[5] In an

_____

70, and 77. Guilty Plea Agreement, 8/31/11, at 1-3; Guilty Plea Colloquy, 8/31/11, at 1; and N.T., Sentencing, 3/21/12, at 29-32. Counts 68, 69, 70, and 77 were conspiracy charges. Thus, contrary to the briefs, the trial court opinion, and our previously filed Memorandum, there were four counts of conspiracy instead of two.

[5] The PCRA enumerates the issues that are cognizable under the Act:

> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining

- 2 -

J-A08023-15

opinion filed on May 4, 2015, this Court affirmed the order denying PCRA relief. ***Commonwealth v. Perzel***, 116 A.3d 670 (Pa. Super. 2015). In that opinion, this Court concluded that the Commonwealth could be a direct victim of a crime as defined in 18 Pa.C.S. § 1106 for purposes of restitution, and we relied on ***Commonwealth v. Veon***, 109 A.3d 754, 772 (Pa. Super. 2015) ("***Veon I***"). ***Perzel***, 116 A.3d at 673. Appellant filed a petition for reconsideration that we denied on June 16, 2015.

On July 10, 2015, Appellant petitioned for allowance of appeal to the Pennsylvania Supreme Court. In an order filed on November 4, 2015, the Pennsylvania Supreme Court held Appellant's petition in abeyance pending

---

process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2).

- 3 -

the disposition of **Commonwealth v. Veon**, 150 A.3d 435 (Pa. 2016) ("**Veon II**").

The Supreme Court filed its opinion in **Veon II** on November 22, 2016, and held, *inter alia*, that the Commonwealth cannot be considered a direct victim or a reimbursable compensating government agency under 18 Pa.C.S. § 1106. **Veon II**, 150 A.3d at 455. Therefore, a restitution order directing payment to the Commonwealth as the victim of a crime constitutes an illegal sentence. **Id**. at 456.

On February 9, 2017, the Pennsylvania Supreme Court granted Appellant's petition for allowance of appeal, vacated this Court's earlier decision, and remanded the instant case to our Court for reconsideration in light of the holding in **Veon II**. This matter is now ripe for disposition.

As noted above, Appellant argues that his sentence of restitution to the Commonwealth is illegal because the Commonwealth cannot be deemed a victim under 18 Pa.C.S. § 1106 in this instance. Additionally, Appellant claims trial counsel was ineffective for failing to raise this issue at sentencing. Appellant's Brief at 3.

When reviewing the propriety of an order denying PCRA relief, we are limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in

the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

For ease of disposition, we address Appellant's claim of ineffective assistance of counsel first. When considering an allegation of ineffective assistance of counsel, counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission. *Commonwealth v. Pierce*, 527 A.2d 973, 975-976 (Pa. 1987). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Commonwealth v. Reed*, 42 A.3d 314, 319 (Pa. Super. 2012). An allegation of ineffective assistance of counsel will fail if the petitioner does not meet all three prongs. *Commonwealth v. Williams*, 863 A.2d 505, 513 (Pa. 2004). "The burden of proving ineffectiveness rests with Appellant." *Commonwealth v. Rega*, 933 A.2d 997, 1018 (Pa. 2007).

At the time of our original decision, this Court's opinion in *Veon I* was controlling and provided that the Commonwealth could be a victim for purposes of restitution under 18 Pa.C.S. § 1106. *Veon I*, 109 A.3d at 772. However, our Supreme Court subsequently reversed that decision. *Veon II*,

150 A.3d at 455. Nevertheless, it is well settled that counsel cannot be deemed ineffective for failing to predict a change in the law. *Commonwealth v. Baumhammers*, 92 A.3d 708, 729 (Pa. 2014). Accordingly, we will not deem counsel ineffective in this regard.

With respect to Appellant's challenge to the legality of the restitution order however, we are constrained to agree with Appellant. In the case at bar, the Commonwealth is not a victim or a reimbursable compensating government agency under 18 Pa.C.S. § 1106. *Veon II*, 150 A.3d at 455. Thus, Appellant's sentence of restitution to the Commonwealth in the amount of $1,000,000 is illegal, and an illegal sentence is subject to correction. *Commonwealth v. Fennell*, 105 A.3d 13, 15 (Pa. Super. 2014); *see also Commonwealth v. Ruiz*, 131 A.3d 54, 60 (Pa. Super. 2015) (a challenge to the legality of a sentence may be raised in a timely filed PCRA petition) (citing 42 Pa.C.S. § 9542)).

Additionally, we conclude that the Supreme Court's decision in *Veon II* may be applied retroactively because the Supreme Court did not announce a new rule of law. Rather, the Supreme Court concluded that this Court's decision in *Veon I* was wrongly decided, and the Supreme Court interpreted and applied 18 Pa.C.S. § 1106 concerning whether the Commonwealth can be a victim. *See Commonwealth v. Concordia*, 97 A.3d 366, 369 (Pa. Super. 2014) (stating that a first-time interpretation of a statute is not a new rule of law and generally would apply retroactively)

(citing *Fiore v. White*, 757 A.2d 842, 848 (Pa. 2000) ("[W]hen we have not yet answered a specific question about the meaning of a statute, our initial interpretation does not announce a new rule of law.").

Accordingly, while we do not disturb Appellant's convictions, we vacate Appellant's entire judgment of sentence. We vacate the sentence in its entirety because vacating Appellant's restitution sentence may disrupt the trial court's overall sentencing scheme of incarceration and fines imposed. *Commonwealth v. Hill*, 140 A.3d 713, 718 (Pa. Super. 2016). Thus, we remand for resentencing in *toto*.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Wecht did not participate in the consideration or decision of this case.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/5/2017