J-S30033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| HOWARD WILLIAM DEWEESE, | : | |
| | : | |
| Appellant | : | No. 1998 MDA 2016 |

Appeal from the PCRA Order November 8, 2016
in the Court of Common Pleas of Dauphin County,
Criminal Division, No(s): CP-22-CR-0003531-2010

BEFORE: SHOGAN, RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MAY 08, 2017**

Howard William DeWeese ("DeWeese") appeals from the Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm in part and reverse in part the Order denying PCRA relief, vacate DeWeese's underlying judgment of sentence, and remand for resentencing in accordance with this Memorandum.

In its Opinion, the PCRA court concisely set forth the relevant factual and procedural history underlying this appeal. *See* PCRA Court Opinion, 11/10/16, at 1-2. We adopt the PCRA court's recitation as though fully set forth herein, *see id.*, with the following addendum.

At trial, the trial court precluded some of the witnesses proffered by the defense. Specifically, as this Court previously explained,

> the [trial] court precluded [DeWeese] from calling some of his
> so-called "mantra" witnesses [(hereinafter "the excluded mantra

witnesses"), most of whom had served as volunteers on DeWeese's political campaigns, ruling that] the proffered testimony would have been cumulative. The trial court noted for the record that the [excluded] []mantra[] witnesses would have testified that [DeWeese] told [his staff] that "if you engage in campaign time you have to use leave slips[]" [(hereinafter referred to as "the mantra")].

*Commonwealth v. DeWeese*, 83 A.3d 1067 (Pa. Super. 2013) (unpublished memorandum at 2-3) (citation to record omitted, footnote in original moved to body). However, we explained that "eight of [DeWeese's] witnesses testified to the mantra" at trial. *Id.* (unpublished memorandum at 8) (quotation marks omitted). Additionally, at sentencing, the trial court ordered that the restitution imposed as part of DeWeese's sentence ($116,668.52) shall be paid directly to the Commonwealth.

DeWeese appealed his judgment of sentence, asserting, *inter alia*, that the trial court erred and deprived him of due process by precluding the excluded mantra witnesses from testifying. We ruled that this issue had been waived for lack of preservation, stating that "[b]ecause we have no record of what [DeWeese] presented to the [trial] court regarding the [excluded mantra] witnesses' testimony, we are unable to conduct meaningful appellate review of his allegation that the court abused its discretion in finding that the proffered testimony was cumulative." *Id.* (unpublished memorandum at 9); *see also id.* (stating that "the offers of proof for [the excluded mantra] witnesses are not in the certified record, in spite of [DeWeese's] attempt to argue now that the proffered testimony

- 2 -

would not have been cumulative."). The Supreme Court of Pennsylvania subsequently denied DeWeese's Petition for allowance of appeal. *See Commonwealth v. DeWeese*, 81 A.3d 75 (Pa. 2013).

On November 26, 2014, DeWeese filed a PCRA Petition, after which he filed an Amended PCRA Petition in March 2015. On April 22, 2016, the PCRA court conducted an evidentiary hearing on the Petition (hereinafter "the PCRA hearing"). Therein, several witnesses testified, including DeWeese's trial/direct appeal counsel, William C. Costopoulos, Esquire (hereinafter "trial counsel"), and fourteen of the excluded mantra witnesses, each of whom stated that they would have presented testimony concerning the mantra at trial.[1]

By an Order entered on November 8, 2016, the PCRA court dismissed DeWeese's PCRA Petition. Thereafter, DeWeese filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

DeWeese now presents the following issues for our review:

1. Did the PCRA court err in [dismissing DeWeese's] PCRA Petition alleging ineffective assistance where [DeWeese] established that [trial] counsel was ineffective for failing to adequately proffer, or preserve for direct appeal, the testimony of fourteen [] [of the excluded mantra] witnesses[,] whose noncumulative testimony was essential to [DeWeese's] defense[,] and which undermined the credibility of the Commonwealth's primary witnesses on factual elements critical to the charges at issue?

---

[1] Several of the excluded mantra witnesses testified as defense character witnesses at trial.

> 2. Whether the restitution order in this case was illegal because the Commonwealth cannot be a victim under the subject criminal statutes?

Brief for Appellant at 4.

> This Court examines PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record. Additionally, we grant great deference to the factual findings of the PCRA court[,] and will not disturb those findings unless they have no support in the record. In this respect, we will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. However, we afford no deference to its legal conclusions.

*Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)

(internal citations, quotation marks and brackets omitted).

"To obtain relief on a claim of ineffective assistance of counsel, a petitioner must demonstrate that the underlying claim is of arguable merit, no reasonable basis existed for counsel's action or inaction, and counsel's error caused prejudice such that there is a reasonable probability that the result of the proceeding would have been different absent such error." *Commonwealth v. Beasley*, 967 A.2d 376, 383 n.5 (Pa. 2009) (citation omitted). Concerning the third prong of the ineffectiveness test (hereinafter "the prejudice prong"), if it is clear that a petitioner has failed to demonstrate that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone, without a determination of whether the petitioner met the first and second prongs. *Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995); *see also* 42

Pa.C.S.A. § 9543(a)(2)(ii) (noting that in order to be entitled to relief, a PCRA petitioner alleging ineffective assistance of counsel must establish that it was of the type "which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."). This prejudice inquiry requires consideration of the totality of the evidence. *Commonwealth v. Spotz*, 870 A.2d 822, 834 n.15 (Pa. 2005).

DeWeese first argues that the PCRA court erred in determining that he was not entitled to collateral relief on his claim that trial counsel was ineffective for failing to proffer, or preserve for direct appeal, the testimony of the excluded mantra witnesses. *See* Brief for Appellant at 33-57. According to DeWeese, the proposed testimony of the excluded mantra witnesses

> was essential to the very crux of [DeWeese's] case theory, and it impeached the Commonwealth's key witnesses by calling into question [these witnesses'] allegations that [DeWeese] had rarely made efforts to enforce compliance[, *i.e.*, with the mantra] …. However, trial counsel's failure to make such an offer of proof waived [DeWeese's] ability to challenge [the trial court's] decision[, *i.e.*, to preclude the excluded mantra witnesses' testimony,] on direct appeal, as [the Superior] Court ruled that it was without a proper record to determine the content of the [excluded mantra] witnesses' testimony. By doing so, [trial counsel] waived a substantial, meritorious appellate issue that, if preserved, would have provided a reasonable probability that, upon remand[,] and armed with testimony essential to [DeWeese's] defense, the outcome of the proceeding would likely have differed.

*Id.* at 33 (citation to record omitted).

- 5 -

In its Opinion, the PCRA court concluded that DeWeese's claim of trial counsel's ineffectiveness does not entitle him to relief, determining that (1) DeWeese failed to establish the prejudice prong; (2) the excluded mantra witnesses' testimony was cumulative to that already presented by the defense; and (3) even if the trial court erred in precluding the testimony of the excluded mantra witnesses, such error was harmless and caused DeWeese no prejudice. **See** PCRA Court Opinion, 11/10/16, at 7-11. We agree with the PCRA court's analysis and determination.[2] Given the cumulative nature of the proposed testimony of the excluded mantra witnesses, even if trial counsel had proffered their testimony (or adequately preserved the issue for review on direct appeal), there is no reasonable probability that there would have been a different result (1) if the excluded mantra witnesses had testified at trial; or (2) concerning DeWeese's claim regarding the excluded mantra witnesses raised on direct appeal. **See Travaglia**, **supra**. Accordingly, we affirm based on the PCRA court's

---

[2] We have reviewed the testimony offered by the excluded mantra witnesses at the PCRA hearing. This testimony supports the PCRA court's determination that it would have been cumulative of the evidence presented at trial by several defense witnesses concerning the mantra, who stated that DeWeese had frequently repeated the mantra, on many separate occasions, over a period of years. Moreover, we observe that all of the excluded mantra witnesses stated on cross-examination at the PCRA hearing that (1) they did not work for DeWeese during the relevant time period; and (2) they did not know whether DeWeese's staff performed campaign work during the business day. **See generally** N.T., 4/22/16. Additionally, at trial, the jury considered considerable incriminatory evidence, including, *inter alia*, the testimony of several of DeWeese's staff that DeWeese ordered them to perform campaign work on legislative time at the office, a matter about which the excluded mantra witnesses conceded they have no knowledge.

Opinion in rejecting DeWeese's first issue. **See** PCRA Court Opinion, 11/10/16, at 7-11.

In his second issue, DeWeese contends that the restitution portion of his sentence is illegal and must be vacated because the Pennsylvania Supreme Court has held that the Commonwealth cannot be considered a direct victim (nor a reimbursable compensating government agency), under 18 Pa.C.S.A. § 1106,[3] for purposes of restitution. Brief for Appellant at 57 (citing **Commonwealth v. Veon**, 150 A.3d 435, 456 (Pa. 2016) (holding that a restitution order directing payment to the Commonwealth as the victim of a crime constitutes an illegal sentence)).[4] We agree.[5]

Here, the Commonwealth is not a victim or a reimbursable compensating government agency under section 1106. **See Veon**, 150 A.3d

---

[3] Section 1106, governing the payment of restitution, provides, *inter alia*, that "[u]pon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor." 18 Pa.C.S.A. § 1106(a).

[4] Though DeWeese did not raise this claim in his court-ordered Pa.R.A.P. 1925(b) Concise Statement, it is nevertheless preserved for our review, since challenges to the legality of a sentence cannot be waived. **See Commonwealth v. Foster**, 17 A.3d 332, 336 (Pa. 2011) (plurality) (noting that a challenge to the legality of a sentence presents a non-waivable jurisdictional issue).

[5] The Commonwealth concedes that the restitution portion of DeWeese's sentence is illegal under **Veon**. **See** Brief for the Commonwealth at 51-52.

at 454-55. Accordingly, DeWeese's sentence of restitution to the Commonwealth is illegal, and must be vacated. *Id.* at 455-56.

Because vacating DeWeese's restitution sentence may disrupt the trial court's overall sentencing scheme, we vacate his judgment of sentence and remand for resentencing. *See Commonwealth v. Hill*, 140 A.3d 713, 718 (Pa. Super. 2016) (stating that where vacating a sentence disrupts a trial court's overall sentencing scheme, this Court will remand to the trial court for resentencing); *see also Veon*, 150 A.3d at 456 (same).

Based on the foregoing, we vacate DeWeese's judgment of sentence and remand for resentencing consistent with this Memorandum. We affirm the PCRA court's denial of PCRA relief on DeWeese's claim of ineffectiveness of trial counsel, as the claim lacks merit.

Order denying PCRA relief affirmed in part. Judgment of sentence vacated and case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2017

- 8 -

COMMONWEALTH OF PENNSYLVANIA  :  IN THE COURT OF COMMON PLEAS
                                      :  DAUPHIN COUNTY, PENNSYLVANIA

          v.                   :

                                     :  NO. 3531 CR 2010

H. WILLIAM DEWEESE,         :
        Defendant/Petitioner    :  PCRA

# MEMORANDUM OPINION

## PROCEDURAL AND BACKGROUND HISTORY

The Superior Court of Pennsylvania summarized the facts of this case succinctly in their Memorandum Opinion of August 16, 2013:

> For over three decades, Appellant was a member of the Pennsylvania General Assembly, representing Greene County and portions of Washington and Fayette Counties in his capacity as a state representative. At all times relevant to this appeal, Appellant was the highest-ranking member of the House Democratic Caucus, and held the position of either Speaker of the House or Minority Leader.
>
> On December 10, 2009, the twenty-eighth statewide investigating grand jury issued a presentment recommending that criminal charges be brought again' Appellant and Sharon A. Rodavich, an employee in Appellant's Waynesburg, Pennsylvania district office, for a variety of actions involving the misappropriation of taxpayer resources from 2001 through 2006. Criminal charges were filed against Appellant and Rodavich on December 15, 2010. Appellant filed an omnibus pre-trial motion on July 28, 2011, raising issues of, inter alia, and prosecutorial misconduct at the preliminary hearing, the constitutionality of the conflict of interest statute, and venue. On January 6, 2012, the court denied the motion asserting prosecutorial misconduct, dismissed the constitutional challenge, and stayed the venue issue pending voir dire.
>
> A jury trial commenced on January 23, 2012. The Commonwealth presented a total of ten witnesses and introduced sixty-nine exhibits that the trial court admitted into evidence. Appellant called forty-two witnesses and entered thirteen documents into evidence. During the course of trial, the court precluded Appellant from calling some of his so-called "mantra" witnesses because the proffered testimony

would have been cumulative. The court also limited testimony from some campaign volunteers on the basis of relevance. On February 6, 2012, the jury convicted Appellant of the charges mentioned previously.

On April 24, 2012, the court sentenced Appellant to an aggregate term of no less than thirty months nor more than sixty months' incarceration, plus restitution in the amount of $116,668.52, costs and fines. The court found Appellant eligible under the Recidivism Risk Reduction Incentive Act (RRRI), and set his minimum sentence under the Act at twenty-two and one-half months. Appellant filed timely post-sentence motions that the court denied on August 23, 2012.

(*See* Superior Court Opinion, 1528 MDA 2012 at p. 1-3).

Appellant timely appealed to the Pennsylvania Superior Court, which affirmed the trial court's denial of post sentence motions. The Petitioner filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court on August 25, 2013, which was denied per curium on August 23, 2013.

Petitioner filed a timely Post-Conviction Collateral Relief Act ("PCRA") Petition and is currently before this court on the amended PCRA Petition, which was filed on March 12, 2015.[1] Said Amended Petition asserted three (3) claims for relief:

1. Petitioner's inability to call fact witnesses in his defense violated his constitutional rights to due process.

2. [Defense counsel] provided ineffective assistance of counsel in failing to adequately present and preserve the proffered testimony of these seventeen witnesses.

3. [Defense counsel] provided ineffective assistance of counsel in failing to in anyways respond to Sidella's unsolicited, nonresponsive, and prejudicial testimony on cross-examination.

---

[1] When the trial judge, the Honorable Todd A. Hoover, went out on indefinite medical leave, and ultimately retired, this matter was re-assigned to the Honorable Bernard F. Coates. With the untimely death of Judge Coates, this matter was re-assigned to this Judge.

(Petitioner H. William DeWeese's Amended Petition under the Post-Conviction Relief Act, filed March 12, 2015 at p. 10-33).

During the pre-hearing conference, the Court learned that a witness at the trial was previously represented by this judge prior to his election to the bench, and disclosed same to counsel. The Commonwealth made a request for recusal out of an "abundance of caution", and was allowed to place concerns on the record at the beginning of the evidentiary hearing on April 22, 2016. At that time Petitioner was colloquyed as to his waiver of any perceived conflict.

During the evidentiary hearing, counsel were allowed to question fourteen (14) of the witnesses who were precluded by the trial court from testifying at trial, as well as the trial counsel, William Costopoulous, Esquire, and K. Kenneth Brown, II, Esquire. Following the evidentiary hearing counsel were allowed to submit proposed findings of facts and conclusions of law. This Opinion and Order follow.

## DISCUSSION

This Court must first address the issue of recusal. Although this Court addressed the issue on the record during the April 22, 2016 proceedings, the Court feels compelled to supplement the record. A review of the entire record shows that there was no need for this Court to evaluate the "credibility" of either the trial testimony of Brenda Devecka or the hearing testimony of Attorney Brown based upon the unique nature of the present action.

Ms. Devecka's direct testimony was essentially consistent with the other Commonwealth witnesses. Her testimony on cross-examination was the first mention of

the Petitioner's "mantra" testimony which was consistent with other defense witnesses as well as the proffered testimony of the fourteen (14) witnesses who were denied the opportunity fo.testify at trial, but testified at the evidentiary hearing on April 22, 2016. Similarly, Mr. Brown's testimony simply directed the Court's attention to portions of the trial record which allegedly undermined the Petitioner's claim for relief.

As this Court's subsequent discussion of the case will reveal, the testimony of Ms. Devecka and Attorney Brown had no effect on this Court's evaluation of the case. Had this Court encountered such a problem, it would have re-visited the original ruling on the recusal.

In Paragraphs 14 and 15 of the Amended PCRA petition, Petitioner raises three (3) issues, and we will address the third one first:

> [T]hat Mr. Costopolous provided ineffective assistance of counsel in failing to object to or otherwise ameliorate the unsolicited, nonresponsive, and prejudicial testimony of key prosecution witness Kevin Sidella and the result of the proceeding would have been different absent this error.

(Petitioner H. William DeWeese's Amended Petition under the Post-Conviction Relief Act, filed March 12, 2015 at p. 4).

To prevail on a claim of ineffective assistance of counsel, a petitioner must overcome the presumption that counsel is effective by establishing the three (3) prongs as set forth in Commonwealth v. Pierce[2]: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. In analyzing a claim of ineffective assistance of counsel, the Supreme Court of Pennsylvania has held:

---

[2] 527 A.2d 973 (Pa. 1987).

With regard to the second, reasonable basis prong, "we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." (citation omitted) We will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." (citation omitted) To establish the third, prejudice prong, the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness. (citation omitted) We stress that boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective.

(Commonwealth v. Paddy, 15 A.3d 431 (Pa. 2011)).

Petitioner's challenge arises from the following exchange during the cross-examination of Kevin Sidella:

> Q: My question is did Bill DeWeese tell you to your face in the presence of others, to you, if you're doing campaign work, Mr. Sidella, make sure you're doing it on legislative – make sure you're doing it on leave time?
> A: Actually, I did answer your question. And I said I don't recall a time where he told me that in the presence of others.
>
> Q: All right. Now, does this refresh your memory? Do you know Shirl Barnhart?
> A: He was the township supervisor.
>
> Q: Did Mr. DeWeese tell you unequivocally in the presence of Shirl Barnhart to use vacation, comp or personal time when doing campaign work?
> A: I can count the amount of times I've been around Mrs. Barnhart probably on one hand. I don't remember him – I don't remember that interaction.
>
> Q: Do you know Jay Allen Blaker?
> A: I know the name. I don't remember a face.

Q: You don't remember DeWeese telling you to make sure, Mr. Sidella, that you were on leave time if you're campaigning in – with him, overhearing it in your presence?
A: Well, I can't even picture his face so, no, I don't remember it.

Q: Do you know Sam Boyd?
A: I remember Sam Boyd.

Q: Do you remember being with Sam Boyd when DeWeese told you over and over that campaign work was not to be done on legislative time? Does that referse your member of a specific occasion?
A: I don't remember that interaction with Mr. Boyd, but all of these people are people Bill would have said it in front of, again, to cover his butt.

(Notes of Testimony, Trial ("N.T. Trial") at 556:22 – 558:9). The contention is that Attorney Costopolous' failure "to object to or otherwise ameliorate Sidella's unsolicited, nonresponsive and prejudicial testimony during cross-examination" when he responded: "I don't remember that interaction with Mr. Body, but all of these people are people Bill would have said it in front of, again, to cover his butt." (N.T. Trial at 558:6-9).

Petitioner is correct in concluding that the second part of that answer was unresponsive and prejudicial. However, that statement was nothing new when compared to his entire direct testimony. Instead of objecting, counsel simply moved on to identify other witnesses who would state that the Petitioner made repeated assertions that campaign work would have to be done on leave time in the presence of Sidella.

This Court listened to the testimony of Attorney Costopolous when he explained his tactical decision, and found his testimony credible.[3] More importantly, looking at Mr. Sidella's testimony in context, it would appear that an objection would have

---

[3] *See* Notes of Testimony, PCRA Evidentiary Hearing ("N.T. PCRA") at 153-56.

accomplished little tactically, but would have risked emphasizing the statement further, even if the objection would have been sustained.[4] Accordingly, Petitioner's claim of ineffectiveness fails as there is no arguable merit to the underlying legal claim.

Petitioner's remaining two issues are inter-related: (1) Petitioner's inability to call fact witnesses in his defense violated his constitutional right to due process; and (2) Mr. Costopolous provided ineffective assistance of counsel in failing to adequately present and preserve the proffered testimony of these seventeen witnesses. Essentially, trial counsel took a direct appeal to the Superior Court of Pennsylvania on the trial court's denial of Petitioner's request to call seventeen (17) witnesses at trial. That direct appeal was denied, and Petitioner's conviction was affirmed by the Superior Court on August 16, 2013. The Superior Court concluded that appellate counsel failed to adequately preserve the record for fair appeal:

> Because we have no record of what Appellant presented to the court regarding proposed witnesses' testimony, we are unable to conduct meaningful appellate review of his allegation that the court abused its discretion in finding that the proffered testimony was cumulative. Hence, Appellant's first issue is waived.

Commonwealth v. DeWeese, 1528 MDA 2012 at 7-8.

Accordingly, this Court is bound to accept the determination of the Superior Court that appellate counsel was ineffective.[5] That would make the final PCRA issue ripe for decision: did the Petitioner's inability to call fact witnesses in his defense violate his constitutional right to due process?

---

[4] See Commonwealth v. Charleston, 94 A.3d 1012, 1023 (Pa. Super. 2014).

[5] Although this Court fully appreciates the fact that trial counsel attempted on a number of occasions to place his proffer on the record, and that the trial court assured him that his objection was preserved, this Court is bound by the determination of the Superior Court. Therefore, this Court must conclude that trial counsel was ineffective for failing to create a legally sufficient record for appeal.

In reviewing the trial court transcript, this Court shared the Superior Court's frustration in trying to determine exactly what proffered testimony was presented to the trial court prior to the court's ruling. It would appear that there was an extensive off-record discussion as to which witnesses the defense intended to call. Then, the following morning, the court made a ruling to allow only one more "mantra" witness.[6] There was an extensive discussion on the record with attempts to place the proffer on the record,[7] but unfortunately, there was not a lot of detail provided. Hence, this Court cannot be sure if the proffer on the record adequately documented what was placed before the court, off the record, the evening before.

Nevertheless, it is clear that the defense had not only anticipated calling a significant number of "mantra witnesses", the defense strategy appeared to be based substantially on those witnesses. When the Defendant testified, he specifically stated that he had between twenty (20) and thirty (30) witnesses who would substantiate his claims. Similarly, the defendant, while cross-examining one of the Commonwealth's star witnesses, Kevin Sidella, succeeded in having Mr. Sidella testify that he was never told by the Defendant in front of campaign volunteers to make sure that he was not on state time. Obviously, defense counsel intended to call a significant number of witnesses who would testify to the contrary – thereby calling Mr. Sidella's credibility into question.

---

[6] See N.T. Trial at 1010-12.
[7] See N.T. Trial at 1013-14.

When the Superior Court decided this case on direct appeal, it cited Commonwealth v. Williams, 58 A.2d 796 (Pa. Super. 2012) when it stated the limited appellate standard of review on evidentiary rulings:

> The admissibility of evidence is a matter of trial court discretion and ruling thereon will only be reversed upon a showing that the trial court abused that discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

Commonwealth v. Williams, 58 A.2d 796, 800 (Pa. Super. 2012).

Since evidence is deemed to be relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding a material fact, it is clear that the proffered testimony was relevant. Whether it was cumulative is a question best left to the sound discretion of the trial court.

If this Court were to rule on the issue at trial, defense counsel would have been allowed to identify the "cumulative" witnesses and state that their testimony would be substantially similar to the previous "mantra" witnesses (similar to the manner by which the cumulative character witnesses testified). Such a ruling would have allowed defense counsel to satisfy Defendant's promise to provide twenty (20) to thirty (30) witnesses, and more importantly, allow defense counsel to further challenge Mr. Sidella's credibility.

However, the test for reversal is not whether a reviewing court would rule differently, but rather, the test is whether there is manifest unreasonableness, or

partiality, prejudice, bias, or ill-will.[8] In this case, the transcript reveals no evidence of partiality, prejudice, bias, or ill-will. Instead, there appeared to be some level of trial fatigue and an obvious desire to wind up the trial. Therefore, this Court cannot find that there was an abuse of discretion.

In the event that the error was an abuse of discretion, the error would have been harmless since an opposite ruling would not have affected the outcome of the trial. The doctrine of harmless error is:

> A technique of appellate review designed to advance judicial economy by obviating the necessity for a retrial where the appellate court is convinced that a trial error was harmless beyond a reasonable doubt. Its purpose is premised on the well-settled proposition that "[a] defendant is entitled to a fair trial but not a perfect one."

Commonwealth v. Allshouse, 36 A.3d 163, 182 (Pa. 2012), citing Commonwealth v. Thornton, 431 A.2d 248, 251 (Pa. 1981).

In the Commonwealth's case in chief, the Defendant's own testimony before a grand jury was introduced. Essentially, the Defendant admitted his culpability under oath. That testimony, combined with the testimony of the ten (10) Commonwealth's witnesses, was sufficient to prove the Defendant's guilt beyond a reasonable doubt. Defense counsel succeeded in calling forty-two (42) witnesses (including character witnesses). The addition of the testimony from the fourteen (14) witnesses who subsequently testified at the evidentiary hearing on April 22, 2-16, would not have sufficiently undermined the Commonwealth's case to alter the verdict. It is equally possible that the result of calling the other witnesses may have made them actually

---

[8] See Williams supra.

sound like "mantra" witnesses and thereby further undermine the defense's case. Therefore, if there was any error, said error would have been harmless beyond a reasonable doubt.

Accordingly, we enter the following Order:

*(This space intentionally left blank.)*

COMMONWEALTH OF PENNSYLVANIA  :  IN THE COURT OF COMMON PLEAS
                                         :  DAUPHIN COUNTY, PENNSYLVANIA

v.                          :

                                     :  NO. 3531 CR 2010

H. WILLIAM DEWEESE,          :
            Defendant/Petitioner  :  PCRA

## ORDER

**AND NOW**, this 8th day of November, 2016, upon consideration of the Amended Petition Under the Post Conviction Relief Act, the Commonwealth's Response thereto, and the evidentiary hearing held on April 22, 2016, **IT IS HEREBY ORDERED** that said Amended Petition is **DISMISSED**.

Petitioner is hereby advised of the right to the appeal this Order to the Superior Court within thirty (30) days from the date of this Order. **The Clerk of Courts is directed to send a copy of this Order to the Petitioner by certified mail, return receipt requested.**

BY THE COURT:

William T. Tully, J.

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)   $ _____
☐ Return Receipt (electronic)   $ _____
☐ Certified Mail Restricted Delivery   $ _____
☐ Adult Signature Required   $ _____
☐ Adult Signature Restricted Delivery $ _____
Postmark Here
Postage
$
Total Postage and Fees
$
Sent To _Gaetan Alfano, Esq._
Street and Apt. No., or PO Box No. _mailed 11/14/16_
City, State, ZIP+4® _3531 CR 2010_

PS Form 3800, April 2015 PSN 7530-02-000-9047  See Reverse for Instructions

7014 0840 0001 0750 7618

AM
if Attorney General, 16th Floor, Strawberry _mail_
Street, Suite 3402, Philadelphia, PA 19103 _mail_

Memo. Opinion & Order

101-12