J-S02008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN WRIGHT | : | |
| | : | |
| Appellant | : | No. 2484 EDA 2023 |

Appeal from the Judgment of Sentence Entered May 18, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002805-2021

BEFORE: LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, P.J.:               **FILED FEBRUARY 12, 2025**

Sean Wright appeals from the judgment of sentence, entered in the
Court of Common Pleas of Montgomery County, after he entered a guilty plea
to robbery,[1] robbery of a motor vehicle,[2] aggravated assault,[3] theft by
unlawful taking or disposition,[4] receiving stolen property ("RSP"),[5]
conspiracy,[6] and access device fraud.[7]  After review, we vacate Wright's

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[2] *Id.* at § 3702(a).

[3] *Id.* at § 2702(a)(1).

[4] *Id.* at § 3921(a).

[5] *Id.* at § 3925.

[6] *Id.* at § 903(a)(1).

[7] *Id.* at § 4106(a)(1)(ii).

judgment of sentence for theft by unlawful taking and affirm in all other respects.

> The trial court set forth the relevant facts of this case as follows:
>
> Wright perpetrated [a] carjacking the week before Christmas 2019 on a woman who had parked in a store parking lot to contact her boyfriend on her cellular phone. Wright got in her car, threatened to kill her, punched her in the face and slammed her head against the steering wheel, pushed her out onto the pavement, and nearly ran over her as he sped away in the car. Over that night and the next day, wearing the victim's jacket, as captured on video, [Wright] led a gang of conspirators who fanned out to numerous stores to make twenty-three purchases totaling $684.27 with her credit cards.

Trial Court Opinion, 7/17/24, at 2-3.

On August 30, 2022, Wright entered an open guilty plea to the above-named offenses. On May 18, 2023, the trial court sentenced Wright to the following consecutive terms of incarceration: for robbery, 72 to 144 months; for robbery of a motor vehicle, 90 to 180 months; and for aggravated assault, 72 to 144 months. In addition, the court imposed the following terms of incarceration, to run concurrently with each other and with the aforementioned sentences: for theft by unlawful taking, 21 to 42 months; for RSP, 21 to 42 months; for conspiracy to commit access device fraud, 12 to 24 months; and for access device fraud, 12 to 24 months. Wright's aggregate sentence totaled 234 to 468 months' imprisonment.

On May 26, 2023, Wright filed a post-sentence motion for reconsideration of sentence, asserting that his sentence was excessive and that the trial court failed to take into consideration his rehabilitative needs,

while focusing almost exclusively on the seriousness of the offenses. On August 23, 2023, the court denied the motion. Wright filed a timely notice of appeal. On August 23, 2024, Wright filed with this Court an application for remand, noting that the trial court had not ordered him to file a Pa.R.A.P. 1925(b) statement and, as a result, the trial court's opinion did not address one of the issues he raised on appeal. On September 23, 2024, this Court issued an order remanding the case and directing the trial court to issue a supplemental opinion addressing the claim referenced in Wright's application for remand. The trial court complied and the case is now ripe for review. Wright raises the following claims for our review:

> 1. Did the [trial] court err in accepting [Wright's] guilty plea since the plea was not knowing and voluntarily entered because [Wright's] oral guilty plea colloquy failed to explain: (1) the right to confront and cross-examine witnesses[;] (2) the fact that a jury's verdict would need to be unanimous[;] and (3) [Wright] would be presumed innocent unless the Commonwealth established the elements of each crime beyond a reasonable doubt?
>
> 2. Did the [trial] court impose an illegal sentence when it imposed separate sentences for theft by unlawful taking and [RSP] since these offenses in fact merged[?]

Brief of Appellant, at 3 (unnecessary capitalization omitted).

Wright first alleges that the trial court erred in accepting his guilty plea, as it was not knowingly and voluntarily entered due to a defective plea colloquy. He is entitled to no relief.

> Pennsylvania Rule of Criminal Procedure 720, which allows defendants to file a post-sentence motion, requires that "all requests for relief from the trial court shall be stated with specificity and particularity, and shall be consolidated in the post-

- 3 -

sentence motion." Pa.R.Crim.P. 720(B)(1)(a). Rule 720 specifically permits defendants to file post-sentence motions "challenging the validity of a plea of guilty . . . or the denial of a motion to withdraw a plea of guilty." Pa.R.Crim.P. 720(B)(1)(a)(i). However, "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720(A)(1).

This Court has held that "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver." *Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013). *See Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008) ("[A] request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal[.]").

*Commonwealth v. Moore*, 307 A.3d 95, 99 (Pa. Super. 2023), appeal denied, 323 A.3d 1270 (Pa. 2024).

Here, Wright filed a timely post-sentence motion seeking to modify his sentence but did not challenge the validity of his guilty plea. Accordingly, he has waived this claim on appeal.[8] *See id.*

_____

[8] Even if this claim were not waived, Wright would be entitled to no relief. The trial court thoroughly and correctly addressed Wright's claim in its supplemental opinion as follows:

[Wright's] challenges [] are meritless. Together with his counsel, [Wright] signed and initialed on each page a written guilty-plea colloquy acknowledging he was cognizant of the matters raised as the second and third points on which [he] asserted the Court's oral colloquy was defective, [i.e.,] the fact that a jury's verdict would need to be unanimous[] and [] th[at Wright] would be presumed innocent unless the Commonwealth established the elements of each crime beyond a reasonable doubt[.] *Compare* Pa.R.Crim.P. 590 cmt. ("[P]aragraph (A) [of Pa. R. Crim. P. 590]

*(Footnote Continued Next Page)*

- 4 -

does not prevent defense counsel or the attorney for the Commonwealth from conducting part or all of the examination of the defendant, as permitted by the judge. **In addition, nothing in the rule would preclude the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the plea proceedings**. This written colloquy would have to be supplemented by some on-the-record oral examination."[)] (emphasis added), *with Commonwealth v. Jamison*, 284 A.3d 501, 506 (Pa. Super. [] 2022) ("To establish that a guilty plea is voluntary and knowing, the trial court must conduct a colloquy that shows the factual basis for the plea and that the defendant understands the nature of the charge to which he is pleading guilty, his right to a jury trial, the presumption of innocence, the permissible sentencing range for the charge to which he is pleading guilty, and the court's power to reject terms of a plea agreement. These matters may also be shown by a written plea colloquy read and signed by the defendant that is made part of the record and supplemented by an oral, on-the-record examination. A defendant is bound by the statements which he makes during his plea colloquy and cannot assert challenges to his plea that contradict his statements when he entered the plea."[)] (emphasis added) (citations omitted)[.]

As for the other alleged defect [Wright raises, i.e., that his] oral guilty[-]plea colloquy failed to explain [] the right to confront and cross-examine witnesses, the law does not explicitly require that the [c]ourt review with an accused about to enter a plea that, if he went to trial, he would have the right to confront and cross-examine witnesses. "Th[e Superior] Court has established six topics that must be covered by a valid plea colloquy[:] 1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." [*Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018)] (quoting *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005) (en banc)); *see also* Pa.R.Crim.P. 590 cmt[.] The right to confront and cross-examine witnesses is not a discrete topic appearing on this list.

Supplemental Trial Court Opinion, 10/29/24, at 10-11 (citations to record and some punctuation omitted).

Next, Wright asserts that the trial court imposed an illegal sentence by failing to merge, for sentencing purposes, his convictions for theft by unlawful taking and RSP. Such a claim raises a challenge to the legality of the sentence; therefore, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Hill**, 140 A.3d 713, 715 (Pa. Super. 2016).

Here, the Commonwealth concurs with Wright that the trial court erred by imposing separate sentences of 21 to 42 months' incarceration for both theft by unlawful taking and RSP where the convictions arose from the same criminal act, i.e., the theft of the victim's automobile. **See** Amended Information, 8/30/22, at Counts 4 and 5. We agree.

The doctrine of merger applies where "the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense."[9]  42 Pa.C.S.A. § 9765.

The Crimes Code defines the offense of RSP as follows:

**§ 3925. Receiving stolen property**

**(a) Offense defined.**—A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

_____

[9] Here, both offenses were graded as felonies of the third degree.

> **(b) Definition.**—As used in this section the word "receiving" means acquiring possession, control[,] or title, or lending on the security of the property.

18 Pa.C.S.A. § 3925.

The elements of RSP may be stated as: (1) intentionally acquiring possession, control, or title, or retaining, disposing, or lending on the security of movable property of another; (2) with knowledge or belief that it was probably stolen; and (3) intent to deprive permanently. ***Commonwealth v. Young***, 35 A.3d 54, 63 (Pa. Super. 2011).

"A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921. Thus, "proof of theft by unlawful taking requires three elements:  (1) unlawful taking or unlawful control over movable property; (2) movable property belongs to another; and (3) intent to deprive (permanently)." ***Commonwealth v. Goins***, 867 A.2d 526, 530 (Pa. Super. 2004) (unnecessary capitalization omitted).

"[O]ur cases have consistently held that convictions for theft by unlawful taking and [RSP] merge for sentencing purposes." ***Commonwealth v. Crawford***, 254 A.3d 769, 781 (Pa. Super. 2021) (citation omitted). This Court's discussion in ***Young***, ***supra***, of the elements of theft by unlawful taking and RSP, albeit in the context of double jeopardy, is instructive.

> We begin our analysis by comparing the first element of both statutes. Although theft by [RSP] does not expressly prohibit "unlawful taking or unlawful control over movable property," . . . the statute's requirement that a person intentionally acquire possession, control[,] or title, [or] retain, dispose [of,] or lend on

- 7 -

the security of moveable property of another knowing or believing that it is stolen necessitates either theft of the property or unlawful control over the movable property of another. Similarly, the second element of theft by unlawful taking, that the movable property belong to another, is necessary to establish the second element of theft by [RSP] because a person cannot have knowledge or belief that property was stolen unless it belonged to another. Finally, both statutes require the intent to deprive permanently.

*Young*, 35 A.3d at 63 (citations omitted). This Court ultimately concluded that "when a defendant is found not guilty of [RSP] or not guilty of theft by unlawful taking, a second trial on the other charge would violate his protection against double jeopardy." *Id.* at 63-64.

Here, both charges arose from Wright's act of stealing the victim's car. Accordingly, the doctrine of merger applies and the trial court erred in sentencing Wright on both convictions. *See* 42 Pa.C.S.A. § 9765; *see also Young*, *supra*. However, because the two sentences were identical and imposed concurrently to each other, we need not remand for resentencing, as our disposition does not upset the trial court's overall sentencing scheme. *See Commonwealth v. Martinez*, 153 A.3d 1025, 1033 (Pa. Super. 2016) (remand for resentencing not necessary where sentencing scheme not upset). Thus, we vacate Wright's judgment of sentence for theft by unlawful taking, affirm his convictions, and affirm the remaining judgments of sentence.

Convictions affirmed. Judgment of sentence affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/12/2025