J-S51035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JASON ERIC JOHNSON :
:
Appellant : No. 580 MDA 2020

Appeal from the Judgment of Sentence Entered February 12, 2020
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0002589-2018

BEFORE: MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED FEBRUARY 09, 2021**

Jason Eric Johnson (Appellant) appeals from the judgment of sentence entered in the Lackawanna County Court of Common Pleas following his guilty pleas under two subsections of the sexual abuse of children statute: dissemination of photographs or film of a child engaging in a prohibited sexual act (dissemination of photographs) and possession of child pornography.[1] He avers the trial court abused its discretion in ordering his sentences to run consecutively, and his sentences should have merged. We affirm.

The trial court summarized the facts as follows: beginning in August of 2017, Google Incorporated (Google) furnished approximately 10 reports to the National Center for Missing and Exploited Children (NCMEC) Cyber Tip Line, that between April 26 and August 10, 2017, the user name

_____

[1] 18 Pa.C.S. § 6312(c), (d).

"jokerjohnson05@gmail.com" uploaded images of suspected child pornography to Google's photo sharing and storage service. Trial Ct. Op., 8/6/20, at 3. The Pennsylvania State Police investigated and learned the reported user name and IP address were associated Appellant. On March 6, 2018, police executed a search warrant on Appellant residence and retrieved a Nextbook Tablet.

> A data extraction of said tablet returned numerous images of child pornography. The pictures and videos depicted children posing naked or performing sexual acts. Said pictures and videos were received and distributed over Appellant's home internet service provider[.]
>
> [In an interview with the State Police,] Appellant acknowledged that he had been viewing child pornography for roughly [15] years, has viewed hundreds of pornographic images on his tablet, and has uploaded numerous images onto Google+ Photos. He then went on to admit that his viewing the images began out of curiosity but had progressed to the point of sexual gratification. Ultimately, a forensic analysis of the electronic devices seized from Appellant's home identified [220] files of known child pornography.

*Id.*

The State Police charged Appellant with 412 counts of dissemination of photographs, 220 counts of child pornography, and one count of criminal use of a communication facility, 18 Pa.C.S. § 7512. Trial Ct. Op. at 3.

On May 1, 2019, Appellant entered a guilty plea to ten counts of dissemination of photographs and ten counts of possession of child pornography, each graded as a felony of the second degree. Appellant admitted to the facts as summarized by the Commonwealth, that on April 26

2017, he: (1) knowingly disseminated computer videotapes and films, and knowingly distributed and uploaded "10 images in video files that contained child pornography;" and (2) on the same date and time, he knowingly possessed or controlled "10 photographs depicting a child under the age of eight engaging in sexual conduct." N.T., 5/1/19, at 6-7. Appellant was advised each count carried a maximum sentence of 10 years' imprisonment and $25,000. *Id.* at 6.

Appellant subsequently underwent a sexually violent predator (SVP) assessment and was found **not** to meet the criteria of an SVP.

The trial court sentenced Appellant on February 12, 2020, after reviewing a pre-sentence investigation report (PSI). At sentencing, Appellant was 47 years old and had no criminal history. Although Appellant had no prior arrests, his admission of viewing child pornography was tempered by an argument that he did not profit from them nor "encourage others to make it [sic] by disseminating." N.T., 2/12/20, at 2-3. Appellant requested his sentences to run concurrently, arguing his conduct was one "crime spree," rather than multiple separate offenses. *Id.* at 4. The Commonwealth argued against concurrent sentences, reasoning Appellant possessed distinct images, which depicted different individuals. *Id.* at 7-8.

The trial court agreed with the Commonwealth's reasoning and imposed the following sentences: (1) on each of the ten counts of dissemination of photographs, a term of 12 to 24 months' imprisonment, all to run

consecutively; (2) on two counts of possession of child pornography, terms of 12 to 24 months, likewise to run consecutively; and (3) on each of the remaining eight counts of possession of child pornography, terms of 12 to 24 months, to run concurrently with the first two possession of child pornography counts. Appellant's aggregate sentence was thus 12 to 24 years' imprisonment.

On February 21, 2020, Appellant filed a timely post-sentence motion, which reiterated the arguments he presented at the sentencing hearing. The trial court denied the motion the same day. Appellant took a timely appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) statement of concise errors complained of on appeal.

Appellant presents two related issues for our review:

[1.] Whether the sentences imposed on each of the charges and in the aggregate were harsh and excessive and an abuse of discretion in light of the fact that Appellant has no prior record, that he does not have a criminal history of sexually offending, that his sexually violent predator assessment evaluation found that he does not suffer from a mental abnormality/personality disorder, that the crimes involved an ongoing action with the same motive assertedly [sic] making it a crime spree.

[2.] Whether the trial court abused its discretion and impose a harsh and excessive sentence by failing to impose concurrent sentences on all counts since the offenses to which he pled occurred on the same date and time and was an ongoing action with the same motive assertedly [sic] making it a crime spree.

Appellant's Brief at 4.

In his first issue, Appellant contends that while "none of the individual sentences is excessive, . . . the cumulative sentence is," and "arguably would

- 4 -

amount to a life sentence if he were required to serve the [maximum] 24 years." Appellant's Brief at 7, 12. Appellant claims "the trial court failed to consider the fact[s] that he was 46 years old at the time the offenses were committed" and that he admitted to his conduct. *Id.* at 12. Appellant further maintains "the long period of incarceration was not warranted by the facts of this case," where although "he had been viewing child pornography for approximately 15 years, he had never acted on his impulses." *Id.* at 12, 13. Appellant thus concludes the court should have imposed "minimal incarceration" and "a probationary period wherein he could seek the professional help to address his issues in the 'real world.'" *Id.* at 13. In his second issue, Appellant avers the court erred in not ordering his sentences to run concurrently because "his criminal activity involved a crime spree." *Id.* at 16-17.

These claims go to the discretionary aspects of sentencing. *See Commonwealth v. Austin*, 66 A.3d 798, 807, 808 (Pa. Super. 2013) (stating: (1) claim, that imposition of consecutive sentences resulted in a "de facto" life sentence and "a manifestly excessive aggregate sentence," is a challenge to discretionary aspects of sentence; and (2) Pennsylvania law affords the sentencing court discretion to impose its sentences concurrently or consecutively).

Before we reach the merits of a discretionary aspect of sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see*

Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

\* \* \*

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. Rather, a substantial question will be found "only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process . . . ." . . .

"Where [PSI] reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."

*Commonwealth v. Watson*, 228 A.3d 928, 935-36 (Pa. Super. 2020) (some citations omitted).

In the case *sub judice*, Appellant filed a timely notice of appeal and raised these discretionary sentencing claims before the trial court. **See Austin**, 66 A.3d at 808. Additionally, his appellate brief properly includes the

required Pa.R.A.P. 2119(f) statement. ***See id.*** We thus consider whether Appellant's Rule 2119(f) statement raises a substantial question. ***See id.***

This Court has reasoned:

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. "A substantial question exits only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

***Austin***, 66 A.3d at 808 (citations omitted).

In ***Commonwealth v. Dodge***, 957 A.2d 1198 (Pa. Super. 2008) (***Dodge II***), the defendant was convicted of "37 counts of receiving stolen property, two counts of burglary, criminal trespass," and other offenses. ***Id.*** at 1199. At the time of sentencing, he was 42 years old. ***Commonwealth v. Dodge***, 77 A.3d 1263, 1279 (Pa. Super. 2013) (***Dodge III***). Dodge ultimately received, following two remands by this Court, an aggregate sentence of 40 years and 7 months to 81 years and 2 months' imprisonment. ***Id.*** at 1266. He appealed to this Court, arguing "the imposition of consecutive sentences . . . based on the criminal conduct at issue, results in a manifestly excessive sentence," and that "his sentence is 'a virtual life sentence' for non-violent property crimes." ***Id.*** at 1269, 1271. This Court observed:

To make it clear, a defendant **may** raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

- 7 -

*Id.* at 1270. Nevertheless, this Court concluded Dodge presented a substantial question, where he did not make "a boilerplate claim, insofar as he has cited pertinent legal authority that can be read to support his assertion that a substantial question that the sentence was not appropriate under our Sentencing Code exists." *Id.* at 1271.

We reiterate that Appellant was 47 years old at the time of sentencing, and he received an aggregate sentence of 12 to 24 years' imprisonment. His Rule 2119(f) statement avers that "if he were required to serve the full 24 years," the sentence "arguably would amount to a life sentence." Appellant's Brief at 7. Appellant further contends "his conduct was an ongoing action with the same motive," and thus "the imposition of concurrent sentences was harsh and excessive." *Id.* at 10. In light of our foregoing authority, we conclude Appellant has presented a substantial question. *See Watson*, 228 A.3d at 935-36; *Dodge III*, 77 A.3d at 1270. Accordingly, we review the merits of his claims.

We note the relevant standard of review:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Watson*, 228 A.3d at 936-37 (citations omitted).

- 8 -

Here, the trial court explained it "had ample opportunity to review the pre-sentence investigation, as well as . . . Appellant himself, prior to its imposition of sentence." Trial Ct. Op. at 7. The court considered Appellant's age, guilty plea, and "lack of criminal history," as well as "the nature and circumstances of [his] crimes." *Id.* at 7-8. The court emphasized that Appellant acknowledged, at the guilty plea, he understood the potential sentences for each count. *Id.* at 8. Pertinently, the court rejected Appellant's assertion that his offenses should be viewed as a single crime spree. *Id.* at 9. It noted that in **Commonwealth v. Gatling**, 807 A.2d 890 (Pa. 2001) (plurality),

> the record established that the Defendant possessed 28 pornographic pictures depicting different children in various sexual acts or the same children photographed multiple times. [The **Gatling**] Court determined that since every photograph of each child victimized that child and subjected him or her to the type of harm that the statute seeks to prevent, there were clearly 28 different criminal acts. The Pennsylvania Supreme Court stated [its] rationale in treating each photograph as a separate crime is to "avoid giving criminals a 'volume discount' on crime."

Trial Ct. Op. at 9 (citations omitted). Nevertheless, the court sentenced "Appellant at the low end of the standard range," and directed that eight of his sentences run concurrently. *See id.*

Preliminarily, we note the decision cited by the trial court, **Gatling**, discussed sentencing merger, specifically "whether merger was precluded for the purpose of avoiding a 'volume discount' for multiple criminal acts." **See Gatling**, 807 A.2d at 892 (opinion announcing judgment of the court) (OAJC).

Nevertheless, the trial court applied the above discussion to its analysis of Appellant's discretionary aspects of sentencing claims, and on appeal, Appellant raises no argument the court erred in referring to *Gatling* in this context. *But see* Appellant's Brief at 16 (arguing, in sentencing merger issue, that *Gatling* is distinguishable). Indeed, we observe he does not address or acknowledge the trial court's opinion at all. Instead, Appellant merely reiterates the same arguments presented at the sentencing hearing and in his post-sentence motion, which the trial court has already heard and rejected, for the reasons set forth above.

We add that while Appellant emphasizes the consecutive nature of twelve of his counts, the trial court did order eight sentences to run concurrently. We also observe the trial court imposed lower-standard range sentences. After careful review of the record, the trial court's opinion, and the parties' briefs, we conclude Appellant has not established that any part of the trial court's reasoning "ignored or misapplied the law" or indicated "partiality, prejudice, bias or ill will." *See Watson*, 228 A.3d at 937.

In his second issue, Appellant asserts his sentences should have merged. In support, he avers: (1) his twenty "crimes involve the same criminal purpose and . . . *modus operandi*;" (2) "his conduct in viewing [and disseminating] the images . . . involved the same behavior occurring on the same day and time period," and thus comprise "a crime spree;" and (3) "he did not commit multiple criminal acts beyond what was required to establish

the elements of each of the crimes." Appellant's Brief at 13, 15, 16. No relief is due.

At this juncture, we note Appellant did not raise a merger challenge before the trial court. Nevertheless, because this type of claim implicates the legality of sentence, it may not be waived, and we may review it on appeal. *See Commonwealth v. Rhoades*, 8 A.3d 912, 918 (Pa. Super. 2010) ("A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence, which cannot be waived.").

This Court has explained:

A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence; therefore, our standard of review is de novo and our scope of review is plenary.

Our legislature has defined the circumstances under which convictions for separate crimes may merge for the purpose of sentencing.

**Merger of sentences.** No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.

To determine whether offenses are greater and lesser included offenses, we compare the elements of the offenses. If the elements of the lesser offense are all included within the elements of the greater offense and the greater offense has at least one additional element, which is different, then the sentences merge. If both

- 11 -

crimes require proof of at least one element that the other does not, then the sentences do not merge.

***Commonwealth v. Hill***, 140 A.3d 713, 715-16 (Pa. Super. 2016).

Pennsylvania jurisprudence has moved away from the prior "'practical, hybrid approach' that looks to the statutory elements of the respective crimes and evaluates whether the defendant was charged and convicted on a single set of facts that satisfies both offenses." ***Commonwealth v. Quintua***, 56 A.3d 399, 401 (Pa. Super. 2012). "[T]he current state of merger law in Pennsylvania makes clear there is no merger if each offense requires proof of an element the other does not." ***Id.***

Appellant was convicted of ten counts under each of the following two subsections of the sexual abuse of children statute:

(c) Dissemination of photographs, videotapes, computer depictions and films. — Any person who knowingly sells, distributes, delivers, disseminates, transfers, displays or exhibits to others, or who possesses for the purpose of sale, distribution, delivery, dissemination, transfer, display or exhibition to others, any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

(d) Child pornography. — Any person who intentionally views or knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

***See*** 18 Pa.C.S. § 6312(c), (d).

J-S51035-20

Although Appellant properly cites the law generally for statutory elements and lesser and greater offenses, he presents no examination or comparison of the particular statutory provisions at issue here. *See* Appellant's Brief at 15. Instead, Appellant's supporting argument is that the same set of facts — his conduct — could establish both dissemination of photographs and possession of child pornography. As stated above, however, Pennsylvania courts have rejected this "practical, hybrid" approach to sentencing merger. *See Quintua*, 56 A.3d at 401.

Our comparison of the two subsections reveals that no sentencing relief is due, as each crime includes several distinct elements. Dissemination of child pornography requires, *inter alia*, the act of selling, distributing, delivering, disseminating, transferring, displaying **or** exhibiting child pornography to others, **or** possessing child pornography "for the purpose of sale, distribution, delivery, dissemination, transfer, display or exhibition to others." 18 Pa.C.S. § 6312(c). Thus, although the crime of dissemination may involve the possession of child pornography, such possession, under the statute, must be for the specific purpose of dissemination. *Id.*

Conversely, simple possession of child pornography does not require an act of dissemination, nor does it require possession for any particular purpose. *See* 18 Pa.C.S. § 6312(d). Instead, the statute merely defines this offense as the intentional viewing, knowing possession, **or** control of child pornography. *Id.* Relatedly, the offense of possession of child pornography

- 13 -

may be established without actual possession, through either the control or viewing of child pornography, neither of which are elements of dissemination. *Compare* 18 Pa.C.S. § 6312(c) *with* 18 Pa.C.S. § 6312(d).

We conclude that because each crime contains at least one element that the other does not, the second prong of Section 9765 (requiring that all elements be shared) cannot be met. Accordingly, Appellant's sentences for dissemination of photographs and possession of child pornography do not merge. *See* 18 Pa.C.S. § 6312(c), (d); 42 Pa.C.S.A. § 9765; *Hill*, 140 A.3d at 715-16.

As we conclude there is no merit to Appellant's discretionary aspects of sentencing or sentencing merger claims, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judge Murray joins this Memorandum.

Judge McLaughlin concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/09/2021

- 14 -