J-S20035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                          :          PENNSYLVANIA
                                          :
                 v.                          :
                                          :
JOVANNY DELEON                      :
                                          :
          Appellant               :   No. 1540 MDA 2023

Appeal from the Judgment of Sentence Entered September 26, 2023
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0002329-2022

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED JULY 25, 2024**

Jovanny Deleon appeals from the September 26, 2023 aggregate judgment of sentence of 5 to 15 years' imprisonment imposed after a jury found him guilty of simple assault, harassment, and two counts of aggravated assault.[1]   Contemporaneously with this appeal, William C. Bispels, Esq. (hereinafter, "Counsel"), has filed a brief and petition to withdraw in accordance with ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), and its progeny. After careful review, we grant Counsel's petition to withdraw and affirm the judgment of sentence.

---

[*] Former Justice specially assigned to the Superior Court.

[1]  18 Pa.C.S.A. §§ 2701(a)(1), 2709(a)(1), and 2702(a)(1) and (4), respectively.

The trial court summarized the relevant facts of this case as follows:

> This case involved a bizarre encounter between [Appellant] and the victim, Jonathan Bonet [on July 6, 2022]. The victim was getting on his motorcycle, at his house, on his way to work when he noticed a man across the street coming towards him. The victim did not realize who it was at first as the attacker's hoodie was up but when the attacker started to get closer, the victim realized it was [Appellant], who is the father of his girlfriend's daughters. When [Appellant] was close to the victim, he held up a machete and swung it towards the victim which struck the victim's right arm. The victim fell off the bike and was frantically attempting to get back on it, and after three attempts got back on his motorcycle. When he looked behind him, he saw [Appellant] was behind him about 5 feet away and [Appellant] swung at the victim again. From there, the victim went to the Turkey Hill and called the police.

Trial court opinion, 1/25/24 at 2.

Appellant was subsequently arrested in connection with this incident and charged with simple assault, harassment, and two counts of aggravated assault. Prior to trial, the Commonwealth filed a motion in *limine* to preclude Appellant from introducing evidence that the victim had allegedly assaulted Appellant's minor daughter on a prior occasion by hitting her with a belt. The trial granted said motion on July 26, 2023. Appellant proceeded to a jury trial on July 31, 2023 and was found guilty of the aforementioned offenses the following day. As noted, the trial court sentenced Appellant to an aggregate term of 5 to 15 years' imprisonment on September 26, 2023. Appellant filed a timely post-sentence motion that was denied by the trial court on October

- 2 -

3, 2023. This timely appeal followed on November 2, 2023.[2] On March 20, 2024, Counsel filed an **Anders** brief and a petition to withdraw. Appellant has not responded to Counsel's petition to withdraw.

As a preliminary matter, to withdraw under **Anders**, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous." **Commonwealth v. Martuscelli**, 54 A.3d 940, 947 (Pa.Super. 2012), quoting **Santiago**, 978 A.2d at 361. Second, counsel must file an **Anders** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and(4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

With respect to the briefing requirements, **Anders** does not require "that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. [W]hat the brief must

---

[2] Appellant and the trial court have complied with Pa.R.A.P. 1925.

provide under **Anders** are references to anything in the record that might arguably support the appeal." **Santiago**, 978 A.2d at 359-360.

Finally, **Anders** counsel must furnish a copy of the **Anders** brief to his client and "advise[] him of his right to retain new counsel, proceed **pro se** or raise any additional points that he deems worthy of the court's attention, and attach[] to the **Anders** petition a copy of the letter sent to the client." **Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa.Super. 2010) (citation omitted). "[If] counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa.Super. 2007) (**en banc**) (quotation marks and quotation omitted).

Our review of Counsel's petition to withdraw, supporting documentation, and his **Anders** brief reveals that Counsel has sufficiently complied with the foregoing requirements. We note that Counsel furnished a copy of the brief to Appellant, and provided him with a letter advising him of his right to retain new counsel, proceed **pro se**, and/or raise any additional points that he deems worthy of this Court's attention, pursuant to **Commonwealth v. Millisock**, 873 A.2d 748, 751-752 (Pa.Super. 2005). As Counsel has complied with all of the requirements set forth above, we conclude that Counsel has satisfied the procedural requirements of **Anders** and **Santiago**. We, therefore, proceed to conduct an independent review to ascertain whether the appeal is

wholly frivolous. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1197

(Pa.Super. 2018) (*en banc*).

In his *Anders* brief, Counsel raises the following issues on Appellant's

behalf:

> A.  Did the trial court commit reversible error by granting the Commonwealth's motion in *limine* which precluded defense testimony about a prior alleged assault perpetrated upon Appellant's daughter by the alleged victim?
>
> B.  Did the trial court commit reversible error by ruling that aggravated assault[,] 18 Pa.C.S.A. [§] 2702(a)(1) does not merge with 18 Pa.C.S.A. [§] 2702(a)(4)?

*Anders* brief at 7 (extraneous capitalization omitted).

Appellant first argues that the trial court erred in granting the

Commonwealth's motion *in limine* to exclude evidence that the victim had

allegedly assaulted Appellant's daughter on a prior occasion. *Id.* at 12.

> A motion *in limine* is used before trial to obtain a ruling on the admissibility of evidence. It gives the trial judge the opportunity to weigh potentially prejudicial and harmful evidence before the trial occurs, thus preventing the evidence from ever reaching the jury. A *motion in limine* differs from a suppression motion in that a suppression motion is designed to preclude evidence that was obtained in violation of a defendant's constitutional rights, while a motion *in limine* precludes evidence that was constitutionally obtained but which is prejudicial to the moving party.

*Commonwealth v. Reese*, 31 A.3d 708, 715 (Pa.Super. 2011) (citation

omitted).

- 5 -

Generally, "[q]uestions concerning the admissibility of evidence lie within the sound discretion of the trial court, and a reviewing court will not reverse the court's decision on such a question absent a clear abuse of discretion." *Commonwealth v. Crosley*, 180 A.3d 761, 768 (Pa.Super. 2018) (citation omitted), *appeal denied*, 195 A.3d 166 (Pa. 2018). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Commonwealth v. Bullock*, 170 A.3d 1109, 1126 (Pa.Super. 2017) (citation omitted), *appeal denied*, 184 A.3d 944 (Pa. 2018).

Upon review, we agree with Counsel that Appellant's claim is wholly frivolous. As the trial court recognized in its opinion, Appellant seemingly argues that evidence of the victim's alleged assault on his daughter was relevant to his defense of justification for the defense of others.

"Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding the existence of a material fact." *Commonwealth v. Antidormi*, 84 A.3d 736, 750 (Pa.Super. 2014) (citations and internal quotation marks omitted), *appeal denied*, 95 A.3d 275 (Pa. 2014); *see also* Pa.R.E. 401.

The statutory basis for a justification of defense of others argument is set forth in Section 506 of the Crimes Code:

**Use of force for the protection of other persons.**

**(a)** **General rule.--** The use of force upon or toward the person of another is justifiable to protect a third person when:

(1) the actor would be justified under section 505 (relating to use of force in self-protection) in using such force to protect himself against the injury he believes to be threatened to the person whom he seeks to protect;

(2) under the circumstances as the actor believes them to be, the person whom he seeks to protect would be justified in using such protective force; and

(3) the actor believes that his intervention is necessary for the protection of such other person.

**(b)** **Exception.--** Notwithstanding subsection (a), the actor is not obliged to retreat to any greater extent than the person whom he seeks to protect.

18 Pa.C.S.A. § 506.

Here, the record reflects that the victim's striking of Appellant's minor daughter with a belt was described as corporal punishment, and that this incident occurred several months before the assault in question. Notes of testimony, 9/26/23 at 4, 8. Furthermore, it is undisputed that Appellant's daughter was not present when Appellant assaulted the victim with the machete. Accordingly, Appellant's daughter was neither in imminent danger

at the time of the instant matter, nor was death or great bodily harm threatened, as required for a claim of justifiable defense of others. Accordingly, the trial court did not abuse its discretion in excluding irrelevant evidence regarding the victim's alleged assault of Appellant's minor daughter. *See* trial court opinion, 1/25/24 at 3-5. Appellant's claim to the contrary is wholly frivolous.

Appellant next argues that the trial court erred in concluding that Sections 2702(a)(1) and 2702(a)(4) of the aggravated assault statute do not merge for sentencing purposes. *Anders* brief at 12-13.

"A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence; therefore, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Hill*, 140 A.3d 713, 715 (Pa.Super. 2016) (citation omitted), *appeal denied*, 160 A.3d 791 (Pa. 2016). The doctrine of merger is governed by 42 Pa.C.S.A. § 9765, which provides as follows:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

*Id.*

Read in relevant part, Section 2702 provides that a person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

. . . .

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon[.]

18 Pa.C.S.A. § 2702(a)(1), (4).

This Court has recognized that Sections 2702(a)(1) and 2702(a)(4) of the aggravated assault statute do not necessarily merge for sentencing purposes. In **Commonwealth v. Rhoades**, 8 A.3d 912 (Pa.Super. 2010), **appeal denied**, 25 A.3d 328 (Pa. 2011), **cert. denied**, 565 U.S. 1263 (2012), a panel of this Court held that:

> [W]hen the two subsections are read together it is apparent that subsection (4) contains an element that is not found in the greater offense of subsection (1). Specifically, subsection (4) requires that the assault be caused or attempted "with a deadly weapon". This element is not contained in subsection (1), which prohibits any attempt to cause or the causing of serious bodily injury but which does not limit itself to any particular mode of causing such an injury.
>
> . . . .
>
> It is therefore possible that a subsection (1) assault may be proved in some cases without necessarily proving a subsection (4) assault.

**Id.** at 918 (citation omitted).

Based on the foregoing, we find that the trial court properly found that Appellant's two aggravated assault convictions did not merge for sentencing purposes. Appellant's claim to the contrary is wholly frivolous.

Finally, our independent review of the entire record, as required pursuant to **Anders**, reveals no additional non-frivolous claims. **Yorgey**, 188 A.3d at 1195. Accordingly, we grant Counsel's petition to withdraw and affirm Appellant's September 26, 2023 judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/25/2024

- 10 -