2025 PA Super 164

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| :--- | :--- | :--- |
| | : | |
| v. | : | |
| | : | |
| DESTIN ANTHONY DORTCH | : | |
| | : | |
| Appellant | : | No. 185 WDA 2024 |

Appeal from the Judgment of Sentence Entered January 4, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000789-2022

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| :--- | :--- | :--- |
| | : | |
| v. | : | |
| | : | |
| DESTIN ANTHONY DORTCH | : | |
| | : | |
| Appellant | : | No. 926 WDA 2024 |

Appeal from the Judgment of Sentence Entered January 4, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000791-2022

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| :--- | :--- | :--- |
| | : | |
| v. | : | |
| | : | |
| DESTIN ANTHONY DORTCH | : | |
| | : | |
| Appellant | : | No. 927 WDA 2024 |

Appeal from the Judgment of Sentence Entered January 4, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000790-2022

J-S18041-25

BEFORE:  DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                    **FILED: July 29, 2025**

In these consolidated appeals,[1] Destin Anthony Dortch appeals from the January 4, 2024 aggregate judgment of sentence of 77 to 154 years' imprisonment imposed after a jury found him guilty of first-degree murder, second-degree murder, robbery, burglary, and related offenses.[2]  After careful review, we vacate Appellant's judgment of sentence with respect to count 2 (robbery) and count 4 (burglary) at No. CP-25-CR-0000790-2022, as well as count 2 (theft by unlawful taking) and count 4 (receiving stolen property) at No. CP-25-CR-0000791-2022, and remand this matter for resentencing on these counts.  We affirm Appellant's judgment of sentence in all other respects.

A detailed recitation of the factual history of this case is not relevant to our disposition and need not be reiterated in full here.  In sum, Appellant was charged in connection with the August 29, 2018 burglary of Calvin Isaiah's home in Erie, Pennsylvania, during which he entered the bedroom of Isaiah and shot him in the chest, killing him.  Less than one week later, Appellant

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant's appeals at Nos. 185 WDA 2024, 926 WDA 2024, and 927 WDA 2024 were consolidated by **per curiam** order of this Court on August 9, 2024.

[2] 18 Pa.C.S.A. §§ 2502(a), 2502(b), 3701(a)(1)(i), and 3502(a)(1)(i), respectively.

- 2 -

conspired with several other individuals to enter the home of Philip Clark, during which Clark was shot and killed during the ensuing burglary and robbery.

The trial court summarized the procedural history of this case as follows:

> [Appellant], and his codefendants, Christopher Bridges and Raeshawn McCallum, were convicted after a lengthy jury trial of numerous offenses, including but not limited to, First Degree Murder, Second Degree Murder, Robbery, Burglary, Criminal Conspiracy, etc. [Appellant] was convicted of First Degree Homicide, at Count 1 at Docket 789-2022. He received a sentence of 40 years to 80 years. He was convicted of all offenses at that Docket, but the sentences for those other offenses were either merged or were made concurrent to 40 to 80 years. At Docket number 790-2022, [Appellant] was convicted of Second Degree Murder. He was sentenced to a period of incarceration of 35 years to 70 years, which was made consecutive to the sentence imposed at Docket 789-2022. He was also convicted of all offenses at Docket 790-2022, but those sentences were also merged or were run concurrent to the 35 to 70 years imposed at Count 1. At Docket 791-2022, he was convicted of Burglary, and related charges. The Court imposed a sentence of 24 months to 48 months for the Burglary charge which was to be served consecutive to the sentences imposed above. The other sentences at that Docket were merged or were-to run concurrent to the 24 to 48 months imposed at Count 1. [Appellant] and his co-defendants were sentenced on January 4, 2024. Trial counsel filed a timely Post-Sentence Motion, which this Court denied by Order of Court dated May 8, 2024.
>
> Subsequent to the filing of the Post- Sentence Motion by trial counsel, Attorney Bruce Sandmeyer, but prior to the Court issuing its Opinion on May 8, 2024, [Appellant], although still being represented by Atty. Sandmeyer, filed a **pro se** Notice of Appeal to the

Pennsylvania Superior Court. Pursuant to the directive of the Superior Court, this Court then conducted a status conference concerning these matters.

Thereafter, Atty. Sandmeyer was permitted to withdraw as counsel, and current appellate counsel, Atty. Jessica A. Fiscus, was appointed.

On July 29, 2024, Atty. Fiscus properly filed an Amended Notice of Appeal at each of the dockets referred to above. She properly attached the docket entries for each Amended Notice of Appeal. This Court then issued its initial 1925(b) Order on August 2, 2024, directing Atty. Fiscus to file a Concise Statement of Errors Complained of on Appeal within twenty-five days from the date of that Order. Because of the lengthy nature of the trial, and the corresponding voluminous trial transcripts and exhibits, Atty. Fiscus filed a Motion for Extension of Time to File Concise Statement, which was filed on August 22, 2024. This Court granted that motion and allowed counsel to file a Concise Statement before September 10, 2024.

In the interim, Atty. Fiscus had filed an Application to Remand for Filing of Concise Statement with the Superior Court on August 16, 2024. Pursuant to that request, the Superior Court issued an Order, which was filed on September 6, 2024, requiring her to serve a Supplemental Concise Statement within twenty-one days of the date of that Order.

Trial court opinion, 10/24/24 at 1-2 (internal quotation marks and some parentheticals omitted).

Appellant filed a timely supplemental concise statement, in accordance with Pa.R.A.P. 1925(b), on September 25, 2024. Thereafter, on October 24, 2024, the trial court filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review:

- 4 -

1. Did the trial court abuse its discretion when it denied appellant's motion for a new trial on weight of the evidence grounds at dockets 780-2022 and 790-2022, as the verdicts, which relied overwhelmingly on the corrupt and self-interested testimony of Chinello Blaski, Nicholas Grayson, and Michael Schuler, are so contrary to the evidence as to shock one's sense of justice?

2. Did the trial court err when it precluded the defense from introducing evidence that a cooperating witness, Chinello Blaski, had a prior conviction for aggravated assault as Mr. Blaski opened the door for its admission?

3. Did the trial court abuse its discretion when it ordered Appellant, who was seventeen years of age at the time of the crimes, to serve the sentences at all three dockets consecutively, as it resulted in a manifestly excessive aggregate sentence of 77 to 154 years' imprisonment, and revealed the trial court inordinately focused on the serious nature and number of offenses, while only summarily acknowledging Appellant's age and lack of prior record, failing to acknowledge the hallmarks of his age, and incredibly suggesting the sentence does not foreclose some future determination of Appellant's rehabilitative potential?

4. Did the trial court impose illegal sentences at count two (robbery) and count four (burglary) at docket number 790-2022 as those offenses were predicate felonies for [Appellant's] conviction at count 1 ( second-degree murder) and should have merged with count 1 for sentencing purposes?

5. Did the trial court illegally impose separate sentences at count 3 (conspiracy to commit robbery) and count 5 (conspiracy to commit burglary) at docket number 790-2022 as the trial court cannot impose multiple sentences for

conspiracies arising from the same agreement or a continuous conspiratorial relationship?

6. Did the trial court impose an illegal sentence at count 4 (receiving stolen property) at docket number 791-2022 as this offense should have merged with count 2 (theft by unlawful taking) for sentencing purposes?

Appellant's brief at 12-13 (extraneous capitalization omitted). For the ease of our discussion, we have elected to address Appellant's claims in a slightly different order than presented in his appellate brief.

## I.  Weight of the Evidence

Appellant first argues that the verdicts for first-degree and second-degree murder were against the weight of the evidence because they were based largely on the testimony of Commonwealth witnesses Blaski, Grayson, and Schuler, who were not credible. Appellant's brief at 45-49.

This Court has recognized that "a true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Miller*, 172 A.3d 632, 643 (Pa.Super. 2017) (citation omitted), *appeal denied*, 183 A.3d 970 (Pa. 2018). "An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." *Commonwealth v. Galvin*, 985 A.2d 783, 793 (Pa. 2009) (citation omitted), *cert. denied*, 559 U.S. 1051 (2010).

> [W]here the trial court has ruled on the weight claim below, an appellate court's role is not to consider the

underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Shaffer***, 40 A.3d 1250, 1253 (Pa.Super. 2012) (citation omitted).

Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained[,] [t]he term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (citations and emphasis omitted).

Upon review, we find that the trial court properly exercised its discretion in concluding that the jury's verdict was not against the weight of the evidence. **See** trial court opinion, 10/24/24 at 3-6. "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." **Commonwealth v. Andrulewicz**, 911 A.2d 162, 165 (Pa.Super. 2006) (citation omitted), **appeal denied**, 926 A.2d 972 (Pa. 2007).

Here, the Commonwealth presented ample evidence and testimony at trial that Appellant was involved in the shooting deaths of Isaiah and Clark. The jury clearly found the testimony of the Commonwealth's witnesses credible, and elected not to believe Appellant's version of the events. We are precluded from reweighing the evidence and substituting our judgment for that of the factfinder. **Clay**, 64 A.3d at 1055. Accordingly, Appellant's weight claim must fail.

## II. Admissibility of Evidence

Appellant next argues that the trial court abused its discretion in precluding him from introducing evidence at trial that Commonwealth witness Blaski had a prior conviction for aggravated assault in Mercer County in 2002. Appellant's brief at 49. In support of this contention, Appellant avers that he should have been permitted to impeach Blaski with this prior conviction because he testified about a propensity for non-violence and "opened the door

- 8 -

for its admission." *Id.* at 49-50, referencing notes of testimony, 10/23/23 at 4-9. We disagree.

"Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and a reviewing court will not reverse the court's decision on such a question absent a clear abuse of discretion." *Commonwealth v. Crosley*, 180 A.3d 761, 768 (Pa.Super. 2018) (citation omitted), *appeal denied*, 195 A.3d 166 (Pa. 2018). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Commonwealth v. Bullock*, 170 A.3d 1109, 1126 (Pa.Super. 2017) (citation omitted), *appeal denied*, 184 A.3d 944 (Pa. 2018).

It is well settled that "evidence of prior crimes is not admissible for the sole purpose of demonstrating a criminal defendant's propensity to commit crimes." *Commonwealth v. Melendez-Rodriguez*, 856 A.2d 1278, 1283 (Pa.Super. 2004) (*en banc*); *see also* Pa.R.E. 404(b)(1). Nevertheless, "[e]vidence may be admissible in certain circumstances where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character." *Id.* Specifically, evidence of other crimes or bad acts is admissible evidence of other crimes may be introduced to show:

> motive; intent; absence of mistake or accident; a common scheme or plan; and identity. The evidence may also be admissible to impeach the credibility of a testifying defendant; to show that the defendant has

used the prior bad acts to threaten the victim; and in situations where the bad acts were part of a chain or sequence of events that formed the history of the case and were part of its natural development.

*Commonwealth v. Reid*, 811 A.2d 530, 550 (Pa. 2002) (citations and numeration omitted), *cert. denied*, 540 U.S. 850 (2003); *see also* Pa.R.E. 404(b)(2). When offered for a legitimate purpose, evidence of prior crimes or bad acts is admissible "if the probative value of the evidence outweighs its potential for unfair prejudice." *Commonwealth v. Hairston*, 84 A.3d 657, 665 (Pa. 2014) (citation omitted), *cert. denied*, 574 U.S. 863 (2014).

Instantly, the trial court concluded that Blaski's prior aggravated assault conviction did not constitute *crimen falsi*, and that his testimony that he and his cohorts did not want to use a firearm on any of the drug dealers he targeted for robbery did not in any way "open the door" for the admission of his 21-year-old prior conviction. The trial court reasoned:

> [N]othing in the statements of witness Blaski (during direct and cross examinations) created the [false] impression that he was an upright individual. Rather than impression what was clearly established was his intent or state of mind in committing the robberies and burglaries with [Appellant] – that he did not want to use firearms and that he wanted to rob drug dealers only because they are criminals themselves who will not likely call the police.

Trial court opinion, 10/24/24 at 17.

Upon review, we find that this decision was supported by the evidence in the record and was fully within the sound discretion of the trial court; we decline to disturb the court's findings on appeal. In reaching this conclusion,

we further note that the probative value of introducing Blaski's prior conviction from 2002 would not have outweighed its prejudicial impact to the jury. **See Hairston**, 84 A.3d at 665. Accordingly, Appellant's admissibility of evidence claim must fail.

## III. Legality of Sentence & Merger

Appellant's next three claims concern the doctrine of merger and implicate the legality of his sentence. **See** Appellant's brief at 58-63.

The doctrine of merger is governed by 42 Pa.C.S.A. § 9765, which provides as follows:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

**Id.**

"A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence; therefore, our standard of review is **de novo** and our scope of review is plenary." **Commonwealth v. Hill**, 140 A.3d 713, 715 (Pa.Super. 2016) (citation omitted), **appeal denied**, 160 A.3d 791 (Pa. 2016). "A challenge to the legality of the sentence may be raised as a matter of right, is non-waivable, and may be entertained so long as the reviewing court has jurisdiction." **Commonwealth v. Leaner**, 202 A.3d 749,

784 (Pa.Super. 2019) (citation omitted), **appeal denied**, 216 A.3d 226 (Pa. 2019).

Preliminarily, we agree with both Appellant and the trial court that he was improperly sentenced with respect to count 2 (robbery) and count 4 (burglary) at No. CP-25-CR-0000790-2022, as those offenses were predicate offenses for his conviction at count 1 (second-degree murder) and should have merged. **See** Appellant's brief at 58-59; trial court opinion, 10/24/24 at 24-25. The Commonwealth also concedes the merit of this issue. **See** Commonwealth's brief at 12.

It is well settled in this Commonwealth that "a sentencing court has no authority to impose a sentence for felony murder as well as a sentence for the predicate offense." **Leaner**, 202 A.3d at 784; **see also Commonwealth v. Adams**, 39 A.3d 310, 325 (Pa.Super. 2012) (vacating sentence imposed for burglary conviction where it was predicate offense for second-degree murder conviction), **affirmed**, 104 A.3d 511 (Pa. 2014). Based on the foregoing, we vacate Appellant's judgment of sentence with respect to count 2 (robbery) and count 4 (burglary) at No. CP-25-CR-0000790-2022, and remand for resentencing on these counts.

We further agree with Appellant's contention that count 2 (theft by unlawful taking) and count 4 (receiving stolen property) at No. CP-25-CR-0000791-2022 should have also merged for sentencing purposes. Appellant's brief at 62-63. This Court has repeatedly recognized the long-standing

proposition that in situations where the theft by taking and theft by receiving stolen property arise from a single criminal act with the same criminal intent, as is the case here, "convictions for theft by unlawful taking and receiving stolen property merge for sentencing purposes." ***Commonwealth v. Crawford***, 254 A.3d 769, 781 (Pa.Super. 2021) (citations omitted), ***appeal denied***, 267 A.3d 487 (Pa. 2021). Accordingly, we vacate Appellant's judgment of sentence with respect to count 2 (theft by unlawful taking) and count 4 (receiving stolen property) at No. CP-25-CR-0000791-2022, and remand for resentencing on these counts.

Appellant also argues that the trial court illegally imposed separate sentences at count 3 (conspiracy to commit robbery) and count 5 (conspiracy to commit burglary) at No. CP-25-CR-0000790-2022. Appellant's brief at 59-61. Upon review, we agree with the trial court's determination that this remaining sentencing claim warrants no relief, and adopt the following well-reasoned rationale of the trial court as our own:

> [T]he Court imposed a period of incarceration [at Count 3] of 70 months to 140 months for the Criminal Conspiracy to Commit Robbery, which was made concurrent to the Robbery charge and also concurrent to the sentence for Second Degree Murder.
>
> The sentence at Count 5 — Criminal Conspiracy to Commit Burglary was a period of incarceration of 30 months to 60 months. That was also made concurrent to all of the other charges.
>
> The Court acknowledges Counts 3 and 5 are basically identical with regard to the averment that [Appellant] and his co-defendants DID AGREE TO ROB THE

- 13 -

VICTIM AT HIS HOME AND SCOUTED POTENTIAL ENTRIES TO HIS HOUSE OCCURING AT 336 West 29th STREET..., and that each of the Counts list the same exact co-defendants. Therefore, the Court acknowledges that these conspiracies were basically identical in time to each other, that the goal to conspiracy was similar and that the co-defendants charged were identical to each Count. However, there is obviously a difference between Burglary and Robbery, which require proof of different elements, even though the factual averments are identical, as noted above.

Despite the similarity, there were two separate Criminal Conspiracies for two separate criminal offenses. More importantly, [Appellant] did not receive any additional period of incarceration or even supervision for either of the sentences for Criminal Conspiracy. The sentence of 80 to 160 months was made concurrent to the 35 to 70 years at Count 1. The sentence of 30 to 60 months for Criminal Conspiracy to Commit Burglary was also made concurrent to all the other offenses, including the Criminal Conspiracy to Commit Robbery. The Court did not, for all intents and purposes, imposed 'multiple sentences for conspiracies arising from the same agreement or a continuous conspiratorial relationship.' Therefore, those sentences should not be set aside.

Trial court opinion, 10/24/24 at 26-27 (emphasis in original).

## IV. Discretionary Aspects of Sentence

In his final claim, Appellant argues that the trial court abused its discretion by imposing a "manifestly excessive" sentence that "inordinately focused on the serious nature and number of offenses, while only summarily acknowledging Appellant's age and lack of prior record," nor his "rehabilitative potential." Appellant's brief at 52. Appellant also takes issue with the fact

- 14 -

that the trial court elected to impose his sentences at the three different dockets consecutively.  ***Id.***

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion."  ***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa.Super. 2014) (citation omitted), ***appeal denied***, 117 A.3d 297 (Pa. 2015).  Appellant must "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Bullock***, 170 A.3d at 1123 (citation omitted).

Where an appellant challenges the discretionary aspects of his sentence, as is the case here, the right to appellate review is not absolute. ***Commonwealth v. Conte***, 198 A.3d 1169, 1173 (Pa.Super. 2018), ***appeal denied***, 206 A.3d 1029 (Pa. 2019).  On the contrary, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Instantly, the record reveals that Appellant filed a timely notice of appeal and preserved his discretionary sentencing claims in his January 12, 2024 post-sentence motion. Appellant has also included a statement in his brief that comports with the requirements of Pa.R.A.P. 2119(f). **See** Appellant's brief at 42-44. Accordingly, we must determine whether Appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa.Super. 2013) (citation omitted), **appeal denied**, 76 A.3d 538 (Pa. 2013). "A substantial question exists only when appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Glass**, 50 A.3d 720, 727 (Pa.Super. 2012) (citation omitted), **appeal denied**, 63 A.3d 774 (Pa. 2013).

This Court has recognized that "excessiveness claims premised on imposition of consecutive sentences do not raise a substantial question for our review." **Commonwealth v. Radecki**, 180 A.3d 441, 468 (Pa.Super. 2018); **see also Commonwealth v. Caldwell**, 117 A.3d 763, 769 (Pa.Super. 2015) (**en banc**) (stating, "[a] court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question[.]"), **appeal denied**, 126 A.3d 1282 (Pa. 2015). Likewise, "a claim

of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Crawford*, 257 A.3d 75, 79 (Pa.Super. 2021) (citations omitted). In *Caldwell*, a panel of this Court reiterated that, "ordinarily, a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor does not raise a substantial question." *Id.* at 769. In *Commonwealth v. Cannon*, 954 A.2d 1222 (Pa.Super. 2008), *appeal denied*, 964 A.2d 893 (Pa. 2009), we further held that a claim that the trial court failed to consider, *inter alia*, the defendant's rehabilitative needs and age did not present a substantial question for review. *Id.* at 1228-1229.

Based on the foregoing, we conclude that Appellant's claims fail to raise a substantial question for our review, and therefore, has not preserved his challenge to the discretionary aspects of sentencing.

Alternatively, even if Appellant had raised a substantial question for this Court's consideration, we would find no abuse of discretion. As the trial court properly noted in its Rule 1925(a) opinion, it thoroughly considered and weighed numerous factors in fashioning Appellant's sentence, including his lack of remorse, demeanor at trial; the impact of his crimes on the community and the victims' families, his age, involvement in other serious felony offenses involving guns prior to his arrest, and limited rehabilitative potential. *See* trial court opinion, 10/24/24 at 20-24. The record further reflects that the trial court was in possession of a presentence investigation ("PSI") report and

considered its findings. *Id.* at 23. Where the trial court has the benefit of a PSI report, "we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Antidormi***, 84 A.3d 736, 761 (Pa.Super. 2014) (citation omitted), ***appeal denied***, 95 A.3d 275 (Pa. 2014).

For all the foregoing reasons, we vacate Appellant's judgment of sentence with respect to count 2 (robbery) and count 4 (burglary) at No. CP-25-CR-0000790-2022; vacate Appellant's judgment of sentence with respect to count 2 (theft by unlawful taking) and count 4 (receiving stolen property) at No. CP-25-CR-0000791-2022; and remand for resentencing on all these counts. We affirm Appellant's judgment of sentence in all other respects.

Judgment of sentence affirmed in part, and vacated, in part. Case remanded for resentencing consistent with this opinion. Jurisdiction relinquished.

Judge Dubow joins the Opinion.

Judge Nichols concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

7/29/2025